## JOHN F. ANTEL v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 26, 1916.

Nos. 19,735—(141).

**Verdict — evidence.**

　　1. An examination of the record shows that the evidence is sufficient to sustain the verdict.

**New trial — newly discovered evidence.**

　　2. The court correctly refused to receive the pleadings in evidence, and did not abuse its discretion in denying a motion for a new trial based on newly discovered evidence.

Action in the municipal court of St. Paul to recover $325 for the death of plaintiff's horse caused by negligent operation of one of defendant's street cars. The case was tried before Boerner, J., and a jury which returned a verdict for the amount demanded. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*W. D. Dwyer,* for appellant.

*C. B. Schmidt,* for respondent.

TAYLOR, C.

Plaintiff recovered a verdict against defendant for the value of a horse which he alleged had died as a result of injuries received in a collision with one of defendant's street cars. Defendant made a motion for a new trial and appealed from an order denying its motion.

Defendant contends that the evidence does not warrant the finding of the jury that the injuries received by the horse were sufficient to cause its death and that its death resulted therefrom. Plaintiff testified that the horse was perfectly sound before the accident; that the car struck him and knocked him down; and that he was never afterward able to travel or work and continued in his sick and disabled condition until he died several months later. At the time of the accident the horse was tied behind a coal wagon standing in the street and became frightened as the

[1] Reported in 157 N. W. 1073.

car approached. There was persuasive evidence that he was not struck by the car but swung against it after the car had stopped; that the injuries received, if any, were trifling, and also tending to discredit plaintiff's testimony as to the time and manner in which the horse died; but the verdict has been approved by the trial court, and we cannot say that this evidence is so conclusive that the jury could not accept plaintiff's version of the matter.

Defendant offered the pleadings in evidence and assigns as error the ruling excluding them. The pleadings are a part of the record in the case, and either party has the full benefit of any statement or admission contained in the pleading of the opposite party without putting such pleading in evidence. It is probable, however, that under our statute the jury are not entitled to take pleadings to the jury room which have not been put in evidence. The complaint had been verified by plaintiff, and, if it had been offered for the purpose of proving some statement therein as an admission by plaintiff, it might have been admissible for that purpose, but defendant merely made a general offer of all the pleadings including its own answer, and the ruling was correct.

We find no merit in plaintiff's contention that the witness Charleston should not have been permitted to testify that he had hauled the body of a horse from the "flats." Plaintiff was entitled to show that fact; and that he did so on cross-examination instead of calling the witness in his own behalf was of no consequence under the circumstances in this case.

Defendant also assigned as error the refusal of the trial court to grant a new trial on the ground of newly discovered evidence. The granting or denying of such an application rests largely in the discretion of the trial court, and we fail to find any abuse of such discretion.

Order affirmed.