# IDA MAE FRENCH v. HAROLD FRENCH.[1]

May 2, 1952.

No. 35,615.

See, French v. French (No. 35,626) 236 Minn. 444, 53 N. W. (2d) 218.

*A. M. Joyce* and *Burton R. Sawyer,* for appellant.

*Grannis & Grannis,* for respondent.

MAGNEY, JUSTICE.

Appeal from an order denying defendant's motion for amended findings of fact and conclusions of law or for a new trial.

[1]Reported in 53 N. W. (2d) 215.

Plaintiff, Ida Mae French, and defendant, Harold French, wife and husband, were married in 1937. At the time of the trial in January 1951 they were 32 and 34 years of age respectively. Four children were born of the marriage—Carol Jean, aged 10 at the time of trial, Howard, 8, Yvonne, 6, and Kenneth, 3. Plaintiff charged defendant with cruel and inhuman treatment. In a cross complaint, defendant also charged plaintiff with cruel and inhuman treatment and, in an amended complaint, with adultery. The court granted defendant a divorce on the latter ground. The parties as joint tenants were the owners of a home valued at $12,000 to $14,000 paid for practically all through earnings of defendant. The property was placed in joint tenancy when the lot on which the home was built was first acquired. The house was well furnished. There was no indebtedness on the furniture except for $65 due on a television set. The parties also owned in joint tenancy a lake property valued at $3,000, also all paid for. Defendant has a position in the St. Paul post office and earns $3,770 annually. During the years, defendant has received considerable additional income from work performed outside of his regular employment. A few years ago he inherited $3,500 and is owner of an inherited interest in a piece of property subject to a life estate. At the time of the bringing of the action, he also was the joint owner with plaintiff of $1,200 in bonds. During the first three years of the married life of the parties, plaintiff was employed in a grocery store. As a seamstress, she made practically all the clothes for herself and children and did sewing for others for compensation. She also has an income of $10 per month for taking care of the milk fund at the school. She was a member and at one time president of the Women's Auxiliary of the National Federation of Post Office Clerks. She was also leader of the Brownie group of the Girl Scouts under P. T. A. sponsorship. It is apparent from the above that both parties are capable, industrious, and thrifty.

The court awarded the custody of the children to plaintiff. She was also awarded a one-half interest in the home upon division of the property, with the right of occupancy by her and the children,

and $27 weekly toward the support of the children. No alimony was awarded her. Defendant assigns as error the making of these awards, and also that the court failed, in awarding a certain amount as counsel fees to plaintiff, to give defendant credit for $25 which he paid plaintiff's attorney before the action was started. The court made numerous other findings of fact and conclusions of law, in addition to those mentioned, relative to other real estate, personal property, and other matters, but the above are the only ones which are being questioned here.

The evidence discloses that the children have had a good home, have been well dressed, have been kept neat and clean, and are of good behavior. Those attending school have done very well. As far as the record discloses, they were happy in their home. Both parents must have contributed to such desirable results. The children have been regular Sunday school attendants. The court found that each of the parties is a fit and proper person to have the care, custody, and control of the children, and awarded such care, custody, and control to the mother, as being to their best interests. The father was given the right of visitation, and, as stated, was required to pay $27 per week for their support.

■ The primary consideration in determining custody is the welfare of the child, and to this welfare the selfish and unselfish desires of the parents must be subordinated, without regard to which parent is to blame in making a divorce necessary. We so said in Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312. This question has been considered by this court in numerous cases, unnecessary to cite. The welfare of the child is the main consideration, and in determining where the welfare of the child lies the trial court is vested with broad discretion. The trial court, in addition to hearing all the evidence, has had the parties before him—in this case for several days. Thus, he was in a better position than this court to appraise the situation and evaluate the testimony of the witnesses. Without giving in further detail the testimony on this feature of the case, we are of the opinion that the court's discretion was properly and soundly exercised.

■ After the parties were married they purchased a lot on which to build their home. The title to the lot was placed in joint tenancy. It is fair to assume from the evidence that defendant's money furnished the means of purchase and improvement. Defendant complains of the court's action in permitting plaintiff to retain a one-half interest in this property. It is not a case of the court awarding plaintiff any property, but simply permitting her to retain what was already in her name. M. S. A. 518.19 in part provides:

"* * * In case of a divorce obtained by a husband, any real or personal property to which she [the wife] procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to the husband; the court having regard to the ability, character, and situation of the parties, and other circumstances of the case."

Thus, under the above section, if applicable, the court was authorized to decree to defendant up to one-half of the half interest in the homestead which plaintiff owned. It was not compelled to do so. It was in the court's discretion, having regard to the ability, character, and situation of the parties, and other circumstances of the case. However, L. 1951, c. 551, approved April 20, 1951, specifically repealed § 518.19. Section 5 of c. 551 provides:

"Upon a divorce for any cause, or upon an annulment, the court may make such disposition of the property of the parties acquired during coverture, as shall appear just and equitable, having regard to the nature and determination of the issues in the case, the amount of alimony or support money, * * * the manner by which said property was acquired and the persons paying or supplying the consideration therefor, the charges or liens imposed thereon to secure payment of alimony or support money, and all the facts and circumstances of the case."

Section 14 of the act provides:

"This act shall not apply to any case in which there has heretofore been entered a judgment of divorce or annulment."

The findings of fact and conclusions of law in the instant case are dated March 27, 1951. The appeal is from an order denying defendant's motion for amended findings of fact and conclusions of law or for a new trial. No judgment has, therefore, been entered. Under the wording of the repealing act, since no judgment has been entered, the act could or would apply. But whether we apply § 518.19 or L. 1951, c. 551, § 5, the result would be the same. The court had authority to make the determination which it did, and there was no abuse of discretion.

■ Defendant assigns as error the court's determination that he be required to pay $27 weekly for the support of the four minor children of the parties. In view of present-day prices, there is no basis for defendant's complaint. He also assigns as error the failure of the court, in awarding plaintiff a certain amount as the "reasonable value of the services of the attorneys for the plaintiff herein, from the time of the commencement of the action to date," to give defendant credit for $25 paid to plaintiff's counsel when he was first engaged. In his motion for amended findings, defendant makes no mention of the claimed omission. Since this amount was paid to plaintiff's counsel prior to the time the action was commenced, it is not, under the wording of the court, included in the amount fixed. The court may have considered it in the nature of a retainer. We find no valid cause for complaint. Plaintiff is allowed $200 attorneys' fees in this court.

Order affirmed.