# H. BLANCHE JOHNSON v. J. ARNOLD JOHNSON.[1]

January 14, 1955.

No. 36,375.

L. H. Dow and Thorwald Hansen, for appellant.
Charles V. McCoy and Roger F. Noreen, for respondent.

MAGNEY, COMMISSIONER.

Plaintiff brought an independent action under M. S. A. 548.14 to set aside the property division provisions of a divorce decree, alleging fraud. She prevailed. Defendant appeals from the order denying his motion for a new trial.

■ The parties were married May 26, 1926. Defendant here brought an action for divorce against the plaintiff. Judgment and

[1]Reported in 68 N. W. (2d) 398.

decree in his favor was entered on February 21, 1947. Shortly before the trial of the divorce action, which was held on February 21, 1947, the parties entered into a stipulation for a full settlement of all their property rights, alimony, support money, and custody of the minor children of the parties. Upon the trial of said action, the only evidence offered and received was that offered by plaintiff therein in support of his claimed right to a divorce. The court found in his favor and incorporated in its findings the terms of the stipulation. A judgment and decree was thereupon duly entered.

The summons and complaint in the divorce action was served in March 1946. During practically the entire period of the pendency of said action negotiations were carried on by and between the parties and their respective counsel concerning the property rights of the parties and other matters. In the course of said negotiations the plaintiff therein, whom we will hereafter refer to as Johnson, made certain statements and representations as to property owned by him and the value thereof, which purported to be a true and full disclosure of all property owned by him and the full and true value thereof. The values according to his representations totaled approximately $65,000.

Among the statements and representations so made by Johnson was the statement and representation that his equity in the real property described as the Gershgol building was $6,000. The court in this action found that this representation was false and known by him to be false when he made it and that said equity at that time was worth approximately $25,000. The court also found that Johnson falsely and fraudulently represented that the value of the assets of the jewelry business in which he was then engaged, and the past income therefrom, were substantially less than they were in fact. The court also found that Johnson fraudulently and intentionally failed to disclose the ownership of at least $17,000 in cash, which he then owned and possessed and which he invested on July 2, 1946, in the Viche Loan Company, a partnership consisting of himself and one George L. Viche. The court found that all of said representations and statements were false and fraudulent, known by Johnson

to be such, and made to plaintiff herein and her attorney with the intent and for the purpose of deceiving plaintiff, thus inducing her, relying upon said representations, to enter into said stipulation. The court also found that in entering into the stipulation the parties did not understand that defendant in the divorce action was to receive one-third of all the property owned by the parties either jointly or separately, although the amount agreed upon approximated one-third.

The court ordered that the divorce judgment be reopened and the action retried as to what property and payments should be awarded to defendant in that action.

We shall not detail the testimony relative to the claimed fraud in connection with Johnson's equity in the Gershgol building nor that relative to the value of the jewelry business and its past income. Suffice it to say that the evidence clearly supports the findings on these two items. However, we will detail the facts as to what we might call the $17,000 cash concealment, because it demonstrates Johnson's attitude, intentions, and purposes.

On June 26, 1946, and of course during the time the divorce action was pending, Johnson entered into a partnership agreement with one George L. Viche to operate a small loan business, the license, however, to be solely in the name of Viche. The partnership agreement was prepared by Leo Burak, a local attorney, acting for both parties. The names of the parties were not typed out in the instrument but were written in by Mr. Burak after the stenographer had brought it to Mr. Burak's private office. The names were left out at the request of Johnson, who gave as a reason the pendency of the divorce action and that he did not want anybody, including the stenographer, to know that he was getting into the loan business. After the agreement had been signed in Burak's office, Viche and Johnson went over to the jewelry store. Johnson took out cash from his safe. He pushed a certain amount over to the side and said: "This should be about enough here," and then placed another bundle of money about half as large as the first back into the safe. Viche and Johnson counted out $17,000 on a wrapping counter. Viche then took the

money and deposited it in the Duluth National Bank. Johnson told Viche that, because he was having this divorce trouble, he kept a sizable amount of cash in his safe. Thereupon Viche opened and operated the loan business as sole owner. No partnership income tax returns were filed. In December 1946, Johnson loaned the partnership $6,300. The total investment, therefore, in the Viche Company as of the date of the trial of the divorce action was $23,300. In October and November, 1946, Mrs. Jean Bjorkman, then a $27.50-a-week sales clerk in Johnson's store, and now Mrs. J. Arnold Johnson, loaned the Viche Company $6,600. In October or November, 1951, Johnson brought proceedings to dissolve the partnership. In the settlement that followed, Johnson received back his original investment plus $17,008. The loans with interest had been repaid. The publicity given this litigation was plaintiff's first information about the cash and the partnership. The attorneys of the parties knew nothing about this matter. Clearly the testimony on this item sustains the finding of fraud.

■ Johnson makes the claim that plaintiff, in an independent action such as this, cannot raise the question of fraud but must resort to a motion in the original divorce action. M. S. A. 548.14 reads:

"Any judgment obtained in a court of record by means of perjury, subornation of perjury, or any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party in the same judicial district within three years after the discovery by him of such perjury or fraud."

It has been determined by this court that fraudulently procured judgments may be set aside and modified either by motion or in an independent action. The statute was enacted simply to make the equitable remedy of action, which had been used by the courts for many years to vacate and set aside judgments, concurrent with the legal remedy by motion. Without the statute, the equitable action was too apt to encounter the objection that there was an adequate remedy at law. The statute made the two concurrent. Either may

be resorted to by the defrauded party. Geisberg v. O'Laughlin, 88 Minn. 431, 93 N. W. 310; Lenhart v. Lenhart Wagon Co. 211 Minn. 572, 2 N. W. (2d) 421.

■ Johnson also makes the claim that plaintiff in this action has no right to a retrial, under § 548.14, of an issue which has been determined in the divorce case and reduced to judgment in the absence of allegations and proof of fraud affecting the jurisdiction of the court which heard the divorce action, claiming she did not allege or prove fraud as to an extrinsic fact. There is no object in discussing here the difference between intrinsic and extrinsic facts as bearing upon plaintiff's right to prevail in this action, as the facts proved to sustain the charges of fraud were clearly extrinsic. Furthermore, the distinction has been pretty much done away with in this state. See, Rule 60.02 of Rules of Civil Procedure; Hafner v. Hafner, 237 Minn. 424, 54 N. W. (2d) 854. Because of Johnson's fraud in inducing plaintiff here to enter into the stipulation of property settlement, and thereafter, because of the stipulation to withdraw her defense, she was prevented from having her day in court.

■ Plaintiff here contends that the court had the power in this action to award her her share of the fraudulently concealed assets, and should have done so, instead of leaving it for disposition in the divorce action. Plaintiff in the court below made no request for additional findings along that line, and, of course, she is not cross-appealing here, so there is nothing before this court on that issue.

She also asks this court to allow her reasonable attorney's fees for the prosecution of this appeal. Since the matter must go back for hearing in the divorce action, we feel that the court in that hearing should determine the amount of attorney's fees the plaintiff is entitled to in the whole divorce matter.

Order affirmed.