## J. ARNOLD JOHNSON v. H. BLANCHE JOHNSON.

84 N. W. (2d) 249.

July 19, 1957—No. 37,098.

*Eckman & Eckman,* for appellant.
*Noreen & Noreen,* for respondent.

MATSON, JUSTICE.

Plaintiff husband appeals from a judgment of the district court modifying a prior decree of divorce with respect to alimony, support money, and property awarded to the wife.

Pursuant to an independent action in fraud (under M. S. A. 548.14) commenced in November 1952, the original divorce decree entered on February 21, 1947, was vacated except as to those provisions therein which granted the husband an absolute divorce and awarded the custody of their three minor sons to the wife. In the fraud action the trial court found that in the original divorce proceeding the plaintiff husband had fraudulently undervalued his estate and on that ground ordered that the original divorce decree be reopened for the limited purpose of a retrial of the issues as to the amount of alimony, support money, and property to be awarded to the wife. Upon appeal to this court in the fraud action, the trial court was affirmed. Johnson v. Johnson, 243 Minn. 403, 68 N. W. (2d) 398.

During the pretrial negotiations in the original divorce action in 1947, plaintiff represented to the defendant and her attorney that all his assets (inclusive of property in joint tenancy) were of a total value of $63,340.64. Upon this representation of value the parties entered into a stipulation, and pursuant to their stipulation, the court awarded to the defendant the family homestead, all household furniture with minor exceptions, and $6,000 in cash money.

Separate and apart from the aforesaid division of property, the court awarded to the defendant alimony of $100 per month until her death or remarriage. She was further awarded custody of the three minor children of the parties (who were then of the respective ages of 19, 16, and 14 years) and monthly support for said children in the sum of $100 per month for one year; $75 per month thereafter until the second-eldest son became self-supporting; and $50 per month thereafter until the youngest son became self-supporting. The eldest son was self-supporting at the time of the decree.

Upon the retrial in the present proceeding of the issues as to alimony, support money, and property division, the trial court summarized the true value of the assets of the parties, as of February 21, 1947, as follows:

| | | |
|---|---|---:|
| *"Parties jointly owned property* | | $ 30,895.69 |
| "Plaintiff's share | $15,447.85 | |
| "Defendant's share | $15,447.84 | |
| "Property individually owned by plaintiff | | $122,011.76 |
| "Less liabilities | | 17,155.37 |
| "Net value of plaintiff's individually owned properties | | $104,858.39 |
| *"Plus plaintiff's interest in joint property* | | 15,447.85 |
| "Total value of plaintiff's estate | | $120,506.25 |
| "One-third of plaintiff's estate | | 40,102.07 |
| *"Plus the value of defendant's interest in jointly owned property* | | 15,447.84 |
| "Total value of share to which defendant is entitled | | $ 55,549.91 |
| "Less value of property awarded to defendant by February 21, 1947, decree | | 25,699.50 |
| "Award to which defendant is now entitled | | $29,850.41" |

(Italics supplied.)

It is to be noted that upon retrial the court found the total 1947

value of plaintiff's estate to be $120,506.25, instead of only $63,340.64 as had then been represented by plaintiff. In arriving at a total valuation figure of $120,506.25, the trial court included therein *only* plaintiff's so-called one-half share of the $30,895.69 of property held by the parties in joint tenancy, or the sum of $15,447.85.

The court, it will be noted, awarded defendant one-third ($40,102.07) of plaintiff's individual estate and in addition permitted her to retain one-half of the joint tenancy property, or an additional sum of $15,447.84, with the result that she was given a total property share of $55,549.91. The court then deducted from this latter sum the $25,699.50 in property value which defendant received under the original 1947 decree. This left a net balance due defendant from plaintiff of $29,850.41.

Upon the net sum of $29,850.41, the court allowed defendant interest from the date of the original divorce decree (February 21, 1947) at the rate of 6 percent for an accrued additional amount of $16,044.56.

The trial court also found that defendant at the time of the original decree was entitled to monthly alimony of $150 instead of the $100 awarded. After making an allowance for the alimony already received, the court awarded defendant the further sum of $5,600 for accrued alimony in arrears. Support money payments were increased whereby it was found that plaintiff was in arrears in the respective sums of $1,170 and $930 for the two younger sons. Plaintiff was also ordered to pay defendant's attorney fees of $3,000. As a result of the retrial of the issues as to alimony, support money, and property division, a total award of $56,594.97 was made (as of February 10, 1956, the date of the findings) in favor of the defendant and against the plaintiff as shown by the following summary:

| | | |
|---|---|---|
| 1. | Property division in arrears | $29,850.41 |
| 2. | Six percent interest on the above sum from February 21, 1947 | 16,044.56 |
| 3. | Alimony arrears | 5,600.00 |
| 4. | Support money for child in arrears | 1,170.00 |
| 5. | Support money for child in arrears | 930.00 |

| | |
|---|---|
| 6. Attorney's fees | 3,000.00 |
| Total | $56,594.97 |

Issues arise as to: (1) Whether the trial court's findings and conclusions were the result of bias caused by an improper consideration of plaintiff's fraudulent misrepresentation of property values; (2) whether it was error to increase the monthly alimony and child support payments and to make them retroactive to the time of the original decree; (3) whether the court, in view of the fact that the divorce was awarded to the plaintiff because of defendant's fault, erred in awarding defendant the maximum statutory one-third share of the property; (4) whether it was error to permit defendant to retain one-half of the joint tenancy property and to award her a one-third share of the other half, and in failing to consider the value of the joint tenancy property as a whole in determining the wife's property rights; and (5) whether it was error to award defendant 6-percent interest on the property award in arrears as a result of plaintiff's fraud.

*In considering the issues herein, it is not to be overlooked that the redetermination of alimony, support money, and property division has been based on the statutory law as it existed at the time of the original decree on February 21, 1947.* Property values have also been fixed as of that date.

In passing on the first issue as to whether the trial court's findings and conclusions were controlled by bias because of plaintiff's fraud in 1947, we observe at the outset that it is difficult to understand why the fraud action was consolidated with this action. There were no further fraud issues to try because the fraud action had been completed and was at an end when this court handed down its remittitur in Johnson v. Johnson, 243 Minn. 403, 68 N. W. (2d) 398. Since the fraud action was at an end, it could not possibly be consolidated with any current proceeding for a retrial of the issues as to alimony, support money, and property division. All that was necessary under the circumstances was to make a simple motion in the original divorce action for a limited vacation of the original final decree (in the light of plaintiff's adjudicated fraud and as required by the mandate of the court in the completed fraud action) for a retrial of the pertinent issues. Upon the re-

trial, plaintiff's fraud was an adjudicated fact to be considered by the trial court only for the limited purposes of passing on the credibility of his current testimony and in appraising his character as a factor to be considered under M. S. A. 1949, § 518.22, in fixing the amount of permanent alimony. Although there seems to have been unnecessary references herein to plaintiff's fraud, which had already been adjudicated and needed no further elaboration, we cannot find that plaintiff was prejudiced by any bias of the court in the making of its findings and conclusions.

■ Under the flexible language of M. S. A. 518.17 and 518.22, which were in effect on February 21, 1947, the trial court has broad discretion in determining property, alimony, and support money to be awarded under a decree of divorce.[1] It is not within the province of this court to determine issues of fact, and an award of alimony and support money and an adjudication of property rights will be overturned on appeal only when, in the light of the evidence as a whole, the trial court has abused this discretion.[2] This is true even though this court might find the facts to be different if it had the factfinding function.[3]

■ Although an allowance of permanent alimony is largely discretionary with the trial court, the statutory standards of justice and reasonableness must be observed (§ 518.22). This statute does not give the wife a right to any fixed minimum share in the husband's property, but it does establish an award of one-third of the value of the husband's estate and income as the maximum amount that may be awarded.[4] The court should make a just and reasonable award, sufficient for the suitable support of the wife, if that may be done after the court has

---

[1]Swanson v. Swanson, 233 Minn. 354, 46 N. W. (2d) 878; Louden v. Louden, 221 Minn. 338, 22 N. W. (2d) 164; Potter v. Potter, 224 Minn. 29, 27 N. W. (2d) 784.

[2]Baker v. Baker, 224 Minn. 117, 28 N. W. (2d) 164; Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176; Krusemark v. Krusemark, 232 Minn. 416, 46 N. W. (2d) 647; Webber v. Webber, 157 Minn. 422, 196 N. W. 646.

[3]Loth v. Loth, *supra.*

[4]Loth v. Loth, *supra;* Baker v. Baker, *supra;* Burton v. Burton, 160 Minn. 224, 199 N. W. 908.

taken into consideration the ability of the husband to pay the award, the character and conduct of each of the parties, their normal living standards, and all other circumstances of the case. If, in the light of all these circumstances, the court deems an award of the maximum statutory one-third of the property to be just, that award should be made.[5] While the statute authorizes an award of one-third of the husband's property and income, it does not follow in every case that one-third thereof should be awarded. Plainly, the statutory one-third is not a yardstick for the measurement of reasonable alimony but a limitation upon the total amount that may be awarded in any event.

In view of the fact that plaintiff had an annual income in excess of $12,000 in 1946 and an income in excess of $17,000 during 1947, we cannot here say that an increase in' alimony to $150 per month was unreasonable. While it is true that plaintiff was awarded the divorce from the defendant, it does not necessarily follow, especially when the husband is also guilty of misconduct, that an award of one-third is unwarranted or in the nature of a penalty.[6] It was proper here for the court to consider that the parties had been married for 21 years; that the acquisition of plaintiff's estate was in some measure the result of the combined efforts of the parties; their normal standard of living; and the plaintiff's fraudulent concealment of his assets, as well as the defendant's misconduct.

Furthermore, the court could consider that the stipulated original property settlement made by them and incorporated into the original divorce decree, contemplated an award to the defendant of approximately a maximum one-third share of the plaintiff's then known assets. Although, in view of § 518.22, the court's allowance of a full one-third share was a liberal one under the circumstances, we cannot say that it was unreasonable or necessarily punitive. We likewise find no error in the increase allowed for the support of the two younger sons who were minors. The allowance seems reasonable. In the light of

[5]Loth v. Loth, *supra;* Swanson v. Swanson, *supra.*

[6]See, Brodsky v. Brodsky, 172 Minn. 250, 215 N. W. 181; Webber v. Webber, *supra;* Haskell v. Haskell, 119 Minn. 484, 138 N. W. 787; Gerard v. Gerard, 216 Minn. 543, 13 N. W. (2d) 606; Warner v. Warner, 219 Minn. 59, 17 N. W. (2d) 58; Wilcox v. Wilcox, 222 Minn. 279, 24 N. W. (2d) 237.

the husband's fraud in misrepresenting the value of his property at the time of the original decree, there was no error upon the retrial of that issue in making the award of increased alimony and support money retroactive to the date of the original decree.

■ The court erred, however, in its treatment and disposal of the property held in joint tenancy. Since all property held in joint tenancy was acquired with funds supplied by the husband, its entire value should here have been taken into consideration in making a property division, and if any part of such joint-tenancy property were to be retained by the wife, that part should have been included in the limits of a maximum one-third share. In Baker v. Baker, 224 Minn. 117, 121, 28 N. W. (2d) 164, 167, this court pointed out that:

"In determining the amount of property to be decreed out of the husband's estate to the wife pursuant to § 518.22, the trial court may properly *take into consideration the entire value of any property held by the parties in joint tenancy when it appears that such property was acquired with funds supplied by the husband.* In effecting a property settlement, the husband is not to be penalized because he has seen fit in the course of his marriage to safeguard the interests and welfare of his wife by placing certain property in joint tenancy. *There is no merit in plaintiff's contention that only one-half the proceeds derived from the sale of their joint-tenancy home should be considered in determining whether she was awarded a sufficient amount of the husband's estate.*" (Italics supplied.)

■ The more recent case of French v. French, 236 Minn. 439, 53 N. W. (2d) 215, has not changed the rule of the Baker case. Since the husband in the French case was awarded a divorce because of the wife's adultery, neither permanent alimony nor any share in the husband's estate could be awarded to her under § 518.22. No property award was therefore involved. The writer of the opinion specifically pointed out that (236 Minn. 442, 53 N. W. [2d] 217) "It is not a case of the court awarding plaintiff [wife] any property" but simply permitting her to retain what was already in her name under a separate statute (M. S. A. 1949, § 518.19) which provided:

"* * * In case of a divorce obtained by a husband, any real or

personal property to which she [the wife] procures title through her husband, not exceeding one-half thereof, may be decreed to be and belong to the husband; the court having regard to the ability, character, and situation of the parties and other circumstances of the case."

Section 518.19 simply enables the court to decree to the husband a fractional part of the wife's property where she has obtained title thereto through the husband, and to permit the wife to retain the remaining portion.

Neither the French decision nor § 518.19 are to be construed as enlarging, in any case where permanent alimony and property division is involved, the maximum one-third limitation established by § 518.22. Where property held by the parties in joint tenancy has been acquired with funds supplied by the husband, it is clearly erroneous to permit the wife to retain a one-half share thereof and then in addition to award her one-third of the husband's share.

■ The trial court awarded defendant interest on $29,850.41, the difference between her share of plaintiff's property and the value of the property awarded under the original divorce decree of February 21, 1947. Had plaintiff not fraudulently concealed the true extent of his assets, defendant would have received this award under the original decree. It is well settled in Minnesota that when a party receives the money of another by mistake, without fraud, interest runs only after he is put in default by demand; but when a party obtains money by his own fraud, he is chargeable with interest from the time of obtaining it.[7] It is equally well settled that interest may be charged on an alimony judgment from the date of the original award, for to hold otherwise would permit the judgment debtor to delay an appeal until the prevailing party settled for less than the whole award.[8] The plaintiff has had the use of money rightfully belonging to defendant since February 21, 1947, and we see no reason to overturn the trial court's decision allowing interest from that date. To withhold the use of the money for a period of ten years without interest would lessen the

---

[7]I. L. Corse & Co. v. Minnesota Grain Co. 94 Minn. 331, 102 N. W. 728; cf. Sibley v. County of Pine, 31 Minn. 201, 17 N. W. 337.

[8]De la Rama v. De la Rama, 241 U. S. 154, 36 S. Ct. 518, 60 L. ed. 932; Bickle v. Bickle, 196 Minn. 392, 265 N. W. 276.

292

amount of the award.[9] The interest, however, is to be computed not on $29,850.41, but on the corrected sum which will result from a proper consideration of the property held by the parties in joint tenancy.

■ The court, however, erred in allowing defendant interest at the full legal rate of 6 percent. In awarding to the wife a portion of the husband's real and personal property, the court, under § 518.22, is vested with a broad discretion which reasonably embraces the fixing of an equitable interest rate where interest is due, and the exercise of that discretion is not controlled by statutory or legal interest rates applicable to other cases. In retrying the issue as to a proper award of property to the defendant, the court sat as a court of equity charged with the function of doing justice so as to grant the wife restitution of what she had been denied because of the husband's fraud. Restitution neither justifies nor requires the imposition of a penalty on the husband but requires only that the wife be restored to the position she would have enjoyed under the original decree if a truthful disclosure had then been made of the value of the husband's estate. In view of the interest rates which have prevailed during the period between 1947 and the date of the court's findings, it is only reasonable to assume that the defendant wife, as an ordinary person not particularly skilled in investing money, would have earned interest at an average rate of approximately 3 percent. The interest on the amount of property wrongfully withheld from her should therefore be reduced from 6 percent to 3 percent.

The allowance of attorney's fees by the trial court in the sum of $3,000 was reasonable in view of the work required by defendant's attorneys. Defendant is allowed an attorney's fee of $250 upon this appeal.

The judgment of the trial court is reversed and the case is remanded for further proceedings in accord with this opinion.

Reversed.

[9]Bickle v. Bickle, *supra.*