JOYCE A. STEPHENSON v. EDGAR C. STEPHENSON.

104 N. W. (2d) 517.

July 15, 1960—No. 37,990.

*Jenson, Irvine & Ramstad,* for appellant.
*C. U. Landrum,* for respondent.

PER CURIAM.

This is an appeal from a judgment of the District Court of Becker County.

It is contended that the trial court's order providing for alimony in the sum of $100 per month contravenes M. S. A. 518.60, which limits alimony to an amount "not exceeding one-half of the husband's future earnings and income, as it [the court] deems just and reasonable, having regard for the circumstances as described in section 518.59 * * *." It is also contended that the court abused its discretion as to the disposition of property acquired during coverture (§ 518.58); as to the amount allowed for maintenance of the minor children (§ 518.57); and with reference to the disposition of household goods and furniture (§ 518.59).

At the time of the divorce action both parties were 37 years of age. They have two children, both boys, 14 and 17 years of age. Defendant has been engaged in the auto parts and used car business. In

addition to household goods and effects the parties have acquired real estate of the value of $13,500 subject to mortgages in the total sum of $3,910.24. This property was acquired by the earnings of the parties, plaintiff having in addition to her domestic duties worked as a bakery employee, a telephone operator, and a domestic and assisted in her husband's business.

The trial court awarded the homestead together with the auto parts business to the husband. The wife was awarded a small residence having a value of $3,000 subject to a $1,267 mortgage. In addition she was awarded as her share of the property a money judgment for $4,001.88, which was made a lien upon the property of the husband. She was further awarded $100 per month alimony and support money of $50 per month for each of her two sons. By the terms of the award, the support payments for the eldest son will terminate within 5 months, on November 10, 1960.

The only question of substance presented on this appeal relates to the claim of defendant that the alimony award of $100 per month exceeds one-half of the husband's future earnings and income and is in excess of the amount which the court is permitted to allow under the limitations imposed by § 518.60. Proceeding upon the theory that in computing alimony to be allowed to the wife the husband's income for the year prior to the divorce should be used as a basis,[1] defendant introduced in evidence his 1958 income tax returns. The state return showed his net income to be $2,170.27 after payment of the Federal tax. The Federal adjusted gross income was $2,289.27, subject to a tax of $77.27. Reasoning that the returns established an income of less than $200 per month, defendant contends that the allowance of $100 per month as alimony is excessive and erroneous as a matter of law.

The tax returns, however, are not conclusive as to the amount of defendant's income. They are evidence of defendant's income and may be considered by the court along with other evidence in the record in making its determination. It is not clear from the record exactly how much defendant did earn during the previous years. Defendant

---

[1] Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176.

by his answer and cross-complaint conceded that his income was "approximately" $300 per month. We have held that pleadings are part of the record in the case and that either party has the full benefit of any statement or admission contained in the pleading of the opposite party without putting such pleading in evidence. Antel v. St. Paul City Ry. Co. 133 Minn. 156, 157 N. W. 1073; 7 Dunnell, Dig. (3 ed.) § 3424. Moreover, the court could well have determined from an examination of the income tax returns which are before us that, because of certain deductions taken for depreciation and building repairs, the return did not accurately reflect defendant's true income. From the record as a whole the court could have found that defendant's income exceeded $2,400 a year, an amount which would support the alimony allowance provided for in the decree.

The allowance of alimony and the amount thereof, subject to the limitations expressed in § 518.60, are largely discretionary with the trial court. We have held many times that the trial court has the responsibility of finding the facts and resolving conflicts in the evidence and that such findings of fact based on conflicting evidence will not be disturbed on appeal unless manifestly and palpably contrary to the evidence as a whole. Loth v. Loth, 227 Minn. 387, 35 N. W. (2d) 542, 6 A. L. R. (2d) 176; Kaehler v. Kaehler, 219 Minn. 536, 18 N. W. (2d) 312; Baker v. Baker, 224 Minn. 117, 28 N. W. (2d) 164.

It is unnecessary to discuss the further claims of defendant that the court abused its discretion in determining the amount allowed for maintenance of the minor children and the disposition of property and household goods. This issue is controlled by Holmes v. Holmes, 255 Minn. 270, 96 N. W. (2d) 547, and the authorities discussed therein and must be resolved in favor of plaintiff.

Attorney's fees in the sum of $300 are awarded to plaintiff.

Affirmed.