## GRACE N. EHLMANN v. EDWARD WINSTON EHLMANN.

154 N. W. (2d) 684.

November 24, 1967—No. 40,684.

*Firestone, Fink, Krawetz, Miley & O'Neill,* for appellant.
*Edward Winston Ehlmann,* pro se, for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from a judgment and from an order of the district court denying plaintiff's motion for amended findings or a new trial.

This action was brought by Grace Ehlmann against Edward Ehlmann for divorce on the grounds of cruel and inhuman treatment. The parties were married in 1943 and have two children, a son 21 years of age at the time of trial and a daughter then 9 years old.

The court granted plaintiff an absolute divorce and awarded her custody of the minor child, subject to reasonable visitation rights of the defendant and also subject to his right to have custody of said child on Saturday and Sunday once each month, and for a period not to exceed 30 days in the summer; household goods and furniture now in the home and all plaintiff's personal items in her possession, defendant being awarded all of his personal belongings in his possession, including his

automobile; use and occupancy of the homestead[1] so long as the minor daughter continues to live with her and plaintiff remains unmarried, and so long as she continues to make the necessary payments on the mortgage and to pay the taxes on the property. The court also determined that if and when plaintiff is no longer entitled to possession under the foregoing terms, the parties could dispose of the property as they see fit and divide the net proceeds equally.

The court further awarded plaintiff $15 per week for support of the minor child to continue until the child becomes of age, marries, or is self-supporting, whichever occurs first; $25 per week alimony to terminate 2 years from the date of the entry of the decree, or until the marriage of the plaintiff, whichever may occur first; and attorney's fees of $300 in addition to any payments made under the temporary order of the court.

The court found that defendant is regularly employed as an attorney for the State of Minnesota and has a gross income of $11,000 per year, which, after deductions for taxes, payments on his automobile, and on a credit union debt, leaves him take-home pay of approximately $261 every 2 weeks ($6,786 a year); also that plaintiff recently completed her college education and is now employed as a schoolteacher with a gross salary of $5,300 per year; that in connection with obtaining her education, she incurred personal debts of approximately $1,400 and also is obligated for an additional $1,400 loan, half of which will be excused if she continues to teach for 5 years.

The court's award was dated May 20, 1966, but a stay of 40 days was granted for the entry of judgment. Thereafter, plaintiff changed her attorney and the substituted counsel moved the court for an extension of time to prepare a case after the time allowed therefor by Rule 59.07, Rules of Civil Procedure, had expired. On September 28, 1966, the court ordered the time extended to November 1. In a memorandum attached to the order, the court stated:

---

[1] According to the findings, the homestead has a value of approximately $13,500, subject to a mortgage of about $8,800 on which the payments amount to approximately $100 per month.

"The plaintiff was apparently dissatisfied with that portion of the Court's findings relating to alimony, and support. About a month after the findings were made, she employed her present counsel, who made what was called a motion to amend the findings of fact and conclusions of law.

"This matter did not come formally before the Court for hearing until September 12, because the Court was not available during the summer.

"It is conceded by present counsel for plaintiff that the motion for amended findings is not effective because it does not comply with the rules of the Court relating to such motions.

"The decree has now been entered, and the plaintiff now asks for an opportunity to prepare a settled case, either for the purpose of attempting to make a motion for a new trial, or for the purpose of an appeal to the Supreme Court.

"In view of the circumstances, the Court feels that this is a case in which it is proper for it to exercise its discretion and grant leave to propose a case after the time has expired."

Plaintiff moved to amend and supplement the findings of fact, conclusions of law, and order for judgment, or, in the alternative, for a new trial, which motion was denied on November 29, 1966.

The issues which we consider determinative are whether the allowance of $25 per week alimony for 2 years and the $15 per week support money were inadequate under all of the circumstances of this case and whether there was an abuse of discretion on the part of the trial court in making such awards. In Johnson v. Johnson, 250 Minn. 282, 288, 84 N. W. (2d) 249, 254, we stated:

"* * * It is not within the province of this court to determine issues of fact, and an award of alimony and support money and an adjudication of property rights will be overturned on appeal only when, in the light of the evidence as a whole, the trial court has abused this discretion."

In an affidavit of plaintiff dated November 11, 1966, she itemized her monthly expenses at $866.50 as follows: Daily lunches for her daughter on school days, $22; monthly mortgage payments, including taxes, $101; house repairs, $10; average monthly expenses for education of plaintiff,

including books and repayment of loan and repayment of student loan, $50; fuel, $32.50; food, including packing of lunches for herself and her 21-year-old son, and soap and cleaning materials, $173; telephone, $10; hospitalization insurance and medical insurance, $25; clothing for herself and her daughter, $50; transportation for school teaching at Circle Pines, including gas, oil, depreciation on car, estimated repairs, etc., $100; automobile insurance, $12.50; medical and dental expenses, $35; payment on $1,400 credit union loan, $80; dry cleaning, $6; payment on Sears Roebuck account, $30; on Montgomery Ward account, $18; on $500 doctor bill, $40; daughter's music lessons, $21.50; and miscellaneous expenses for reading material, entertainment, hairdresser, and house cleaning, $50. These expenses total $10,398 annually.

Plaintiff estimated her salary after taxes as $5,000 per year. In addition to that amount, under the court order she should receive $780 a year for child support and about $1,000 a year alimony (after taxes) for 2 years. Her present annual income is thus $6,780.

On the other hand, the court found that defendant's take-home pay, after deductions for taxes, automobile payments, debts outstanding, etc., was $6,786. Deducting from this $1,300 alimony to be paid to plaintiff for 2 years and $780 child support, would leave him about $4,706 for his normal living expenses.

In plaintiff's situation we deduct $2,616 for fixed debts on which she is making monthly payments—her student loan, credit union loan, and debts to Sears Roebuck, Wards, and a doctor—leaving her $4,164 to meet her normal expenses including mortgage payments, compared with defendant's balance of $4,706.

Three of plaintiff's debts will be paid up in about a year. These debts account for $88 of plaintiff's monthly expenses. Thus, after the first year, plaintiff will have about $5,220 to meet her normal living expenses compared with defendant's $4,706.

We recognize that plaintiff's alimony payments will end in 2 years from September 1966. However, by that time, most of her fixed debts above referred to should be paid up. The support payments for the child will continue until the child becomes of age, marries, or is self-supporting. Therefore, after the first 2 years plaintiff should have approximately

$5,780 to meet her normal living expenses compared with defendant's $4,706.

An analysis of the entire record and the findings and conclusions of the trial court satisfies us that there was no abuse of discretion on its part so as to require a reversal here. We realize that if the cost of living continues to increase, $15 per week for support of a daughter may be inadequate. However, that is a matter which may be considered in the future by the trial court on petition from plaintiff. It is obvious here that the trial court must have considered the claimed expenses set out in plaintiff's affidavit somewhat exaggerated or overstated. With all the records before that court, it apparently attempted to make an equitable award, and we cannot overrule its determination. No costs or disbursements will be allowed any party.

Affirmed.

ROGOSHESKE, JUSTICE (dissenting).

I believe that the award for support and the limited rights granted plaintiff in the homestead are inadequate. I would prefer a remand for reconsideration of plaintiff's post-trial motion. The procedural record suggests to me that the court may have been led to believe that this untimely motion was primarily made as a prelude to an appeal.

OTIS, JUSTICE (dissenting).

I concur in the dissenting opinion of Mr. Justice Rogosheske.