PATRICK J. GALLIVAN v. JOYCE GALLIVAN.

155 N. W. (2d) 291.

December 15, 1967—No. 40,604.

*Dudley, Smith, Copeland & Belisle* and *Wayne T. Belisle,* for appellant.

*Stacker, Silverstein, Burke & Radsom* and *Thomas J. Burke,* for respondent.

PETERSON, JUSTICE.

Plaintiff, Patrick J. Gallivan, and defendant, Joyce Gallivan, who were married on January 6, 1962, were divorced by judgment of the District Court of Ramsey County filed August 31, 1966. Defendant was awarded permanent alimony of $100 per month and an allowance of $135 per month for the support of the minor child of the parties. Plaintiff on appeal from the judgment contends that the sums awarded for alimony and support were beyond his reasonable ability to pay and, therefore, an abuse of judicial discretion.

Plaintiff, age 27, works for his father, a prominent and successful operator of a downtown bar and restaurant in St. Paul.[1] Plaintiff works 70 to 80 hours per week in the business of this bar and restaurant, for which, he testified, he is paid a gross salary of only $125 per week, testimony supported by his personal income tax returns. He has had no increase in wages since at least 1962. He also belongs to a country club, the expenses of which are paid by his employer as a business expense in promoting the patronage of the bar and restaurant. Plaintiff also sup-

---

[1] Plaintiff objects that this same reference to the identification of his employment in the memorandum of the trial court is outside the testimony in the record; he seemingly argues the court awarded the sum which it did either in disbelief of plaintiff's testimony about his earnings or an unsupported belief as to a prospect of future increase in his earnings. The trial court, however, merely adopted the financial provisions contained in the findings of fact and conclusions of law made by the referee to which the matter had been referred. The memorandum was issued at the time the court denied plaintiff's motion to modify the referee's report; but a referee's findings are usually followed unless clearly erroneous. Plaintiff is not foreclosed from addressing this argument to the trial court at any future time as defendant may seek a modification of the alimony or support provisions of the judgment.

plies music at the bar and restaurant for the entertainment of its customers, so it pays for his musical instruments.

Defendant, age 26, is not employed but has the care and custody of the daughter of the parties born sometime in early 1962. There is evidence that the child was born prematurely and is in delicate health, requiring special attention. Defendant's previous employment experience consists of being a part-time bakery worker while in school, serving as a legislative page for the Minnesota Senate during three of its biennial sessions and, most recently, as a waitress in the St. Paul Athletic Club.

Other than the earning capacity of the parties, they have virtually no assets. They own no real estate. During their marriage they lived in furnished apartments so they apparently had not accumulated substantial amounts of furniture and similar household effects. Plaintiff owns stock valued at $300. They have debts of approximately $2,500 which, according to the judgment, are to be paid by plaintiff. These debts include personal debts plaintiff incurred to his father in the amount of $600 and to another named individual in the amount of $300, plus a $500 bill with a jewelry store. The balance is largely for a dental bill, clothing for defendant, an air conditioner, bedding comfortable to the allergy apparently suffered by the daughter, and a $300 taxicab bill run up by defendant after defendant sold her automobile. Plaintiff's principal objections relate only to certain of these bills incurred during their period of separation. Plaintiff also was required to pay $500 for the fees of defendant's attorney, to which he has no objection.

We cannot say that the award of alimony was so unreasonable or unjust as to constitute an abuse of judicial discretion,[2] nor is it, of course, in excess of statutory limitations.[3] The allowance of support for the minor child has no statutory limitation and judicial discretion is

---

[2] See, Borchert v. Borchert, 279 Minn. 16, 154 N. W. (2d) 902; cf. Ehlmann v. Ehlmann, 278 Minn. 370, 154 N. W. (2d) 684. See, also, Hellman v. Hellman, 250 Minn. 422, 84 N. W. (2d) 367; Johnson v. Johnson, 250 Minn. 282, 84 N. W. (2d) 249; Druck v. Druck, 258 Minn. 114, 103 N. W. (2d) 123; Stephenson v. Stephenson, 258 Minn. 435, 104 N. W. (2d) 517; Cloutier v. Cloutier, 261 Minn. 324, 112 N. W. (2d) 347.

[3] Minn. St. 518.60.

limited by the principle repeated in Holmes v. Holmes, 255 Minn. 270, 277, 96 N. W. (2d) 547, 553:

"It has been said many times that it is the father's duty to do the best he can to support his children in the manner suitable to his station and circumstances. While it is the primary duty of the father to support the minor children, the amount of such support must be in keeping with his income and ability to provide for them."

Because it appears, on this record, that the financial resources of the parties are limited and because the minimum needs of persons in the situation of these parties are without doubt more substantial than can comfortably be met within those resources, living apart, the range of choice for the trial court, measured in dollars, was obviously a narrow one. Although counsel of plaintiff declined on oral argument to suggest a figure in *any* amount that counsel would consider just and reasonable, the evidence does establish, from plaintiff himself, that he had voluntarily agreed to pay expenses for his wife and child during their pre-divorce separation amounting to $210 or $215 per month, *plus* purchasing clothing for his child. The amounts ordered by the court, therefore, are in dollar amount not substantially greater than the previous amount which plaintiff presumably had considered to be not unreasonable.

Although there is some argument in plaintiff's brief concerning plaintiff's obligation to pay all of that portion of the indebtedness incurred by defendant during the period of predivorce separation, it was not assigned either in the notice of appeal or in the brief as a point of particular contention. Plaintiff's brief also argues that the granting of a divorce to plaintiff on the grounds of defendant's cruel and inhuman treatment is a factor that the trial court should have considered in fixing the award of alimony. The court, however, could well consider that the acts of the parties, either way, were not of particular moment as a factor in the determination of the financial arrangements adjudged. Although the marriage was not altogether harmonious, the conduct was probably "cruel and inhuman" only for purposes of statutory ritual.

We must hold that the judgment of the trial court was not an abuse of its judicial discretion.

Affirmed.