**HENNEPIN COUNTY WELFARE BOARD and Kim Renee Wald,**
Appellants,

v.

**John L. KOLKIND, Respondent.**

No. C1–86–229.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Thomas L. Johnson, Hennepin Co. Atty., James K. Appleby, Asst. Co. Atty., Minneapolis, for appellants.

Paul W. Chamberlain, Bigelow & Chamberlain, Wayzata, for respondent.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This is an action seeking to modify and vacate a child support order and judgment under the Parentage Act, Minn.Stat. § 257.51 et seq. (1984). Appellant Kim Wald claims that John Kolkind misrepresented his income at the time of the original judgment determining parentage and child support. After a plethora of motions and hearings, Wald appeals from an order denying her motion to vacate the original child support order. We affirm.

## FACTS

After Wald had commenced this action to establish the paternity of her daughter, she and Kolkind entered into a stipulation on the issues of parentage and child support. A judgment and decree ordering Kolkind to pay $135 per month in child support was entered in June 1981.

Wald moved to modify the original order in 1984, seeking an increase in child support. In discovery related to the motion, Kolkind indicated that he received interest income of approximately $13,000 in 1981. Wald claims she was unaware that Kolkind had any income other than employment earnings in 1981 and that during the stipulation negotiations 1981 Kolkind had represented that his sole source of income was from his employment.

At a hearing held in April 1985, a referee found that Kolkind had received a $114,000 settlement from a lawsuit several months prior to entering into the child support stipulation and that this was not made known to Wald or her counsel. The referee also determined that while Kolkind's employment earnings had remained relatively identical from 1981 to 1984, he had received interest income of $4,000 in 1984. The referee found that there had been a change of circumstances which made the original support order unfair and increased Kolkind's support obligation to $412 per month starting in April 1985.

Kolkind sought review in the district court. At a hearing held in May 1985 the trial court determined that Wald had not demonstrated a substantial change of circumstances since Wald's financial situation had improved since the 1981 order, while

Kolkind's employment earnings had slightly decreased. The court also noted that Kolkind's interest income had decreased from 1981 to 1984. Kolkind served Wald with notice of filing of this order; Wald did not appeal the order.

Instead, Wald brought a motion to vacate the 1981 child support order to establish a new support obligation and to determine the arrearages of support from 1981 based on the new support obligation. Wald brought this motion under Minn.R.Civ.P. 60.02 and Minn.Stat. § 548.14 (1984). A referee granted the motion to vacate, established support at $476 per month effective from June 1981, and awarded Wald a judgment in the amount of $16,735.

Kolkind again sought review in the district court. At a hearing held in January 1986, the trial court ruled that Wald's motion to vacate the 1981 order under Minn.R.Civ.P. 60.02 was untimely, since it was brought more than one year after entry of the 1981 order and judgment. The court also ruled that Wald's motion to vacate could not be considered an independent action under § 548.14. The court concluded that it did not have jurisdiction to vacate the 1981 support order.

Wald's notice of appeal states that she is appealing from both the May 1985 order denying modification and the January 1986 order denying her motion to vacate. By order of this court dated March 14, 1986, Wald's attempted appeal from the May 1985 order was dismissed as untimely.

## ISSUE

May a paternity support order be vacated, more than a year after entry, pursuant to Minn.R.Civ.P. 60.02?

## DISCUSSION

■ Minn.R.Civ.P. 60.02(3) allows relief from a final judgment based upon fraud, misrepresentation or other misconduct of the adverse party. A motion for relief under Rule 60.02(3), however, must be brought within one year from entry of the judgment. Since Wald's motion to vacate the 1981 support order under Rule 60.02 was brought more than one year after the judgment was entered, the trial court was correct in denying the motion to vacate on this ground.[1]

■ Furthermore, a challenge to a judgment under Minn.Stat. § 548.14 requires the commencement of an independent action. Simply referring to § 548.14 in a motion brought in the original paternity action does not constitute the initiation of an independent action, as is required by the statute. *Carlson v. Carlson*, 371 N.W.2d 591, 594 (Minn.Ct.App.1985) (citing *Johnson v. Johnson*, 243 Minn. 403, 406, 68 N.W.2d 398, 400 (1955)). Based on the pleadings before it, the trial court did not err in ruling that it had no jurisdiction to vacate the original support order. It appears, however, that Wald may still initiate an independent action as is contemplated by the statute.

## DECISION

The order denying appellant's motion to vacate the original support order is affirmed.

Affirmed.

---

1. We note the supreme court has recently held that the district courts lack jurisdiction to vacate, modify or set aside divorce decrees under Minn.R.Civ.P. 60.02. *Lindsey v. Lindsey*, 388 N.W.2d 713 (Minn.1986). The instant case involves a judgment of paternity, not a dissolution decree; a motion for relief under Rule 60.02, if timely, is still an available procedure in a paternity action.