Bernice B. JOHNSON, Respondent,

v.

Bryce B. JOHNSON, Appellant.

No. 48253.

Supreme Court of Minnesota.

March 23, 1979.

Richard J. Sundberg, Bloomington, for appellant.

James P. Rorris and Michael Ormond, Minneapolis, for respondent.

Heard before KELLY, TODD, and WAHL, JJ., and considered and decided by the court en banc.

WAHL, Justice.

Bryce Johnson, respondent in this dissolution proceeding, appeals from an order of the Hennepin County District Court denying his motion for a new trial or, in the alternative, for amended findings. Appellant seeks a new trial on the issue of property division on the grounds that the trial court erred in finding the value of certain assets and abused its discretion by including appellant's interest in a certain joint venture in the disposition and by failing to consider the tax consequences of the award. We affirm in part, reverse in part, and remand for modification of the judgment.

Bryce and Bernice Johnson were married on September 15, 1951. During their marriage, Mr. Johnson was employed primarily as a salesman of commercial and residential real estate. In addition to working for well-known realty brokers, Mr. Johnson was self-employed at various points during the marriage in the business of buying and selling rental properties and real estate development. Mrs. Johnson often assisted in the management of the rental properties. When the action for dissolution was commenced, Mr. Johnson was employed by a large corporation in real estate development. At the time of trial he was primarily self-employed.

Mrs. Johnson was employed as a secretary for the first five years of the marriage. In 1956 she began to close her husband's real estate transactions. She later obtained a license to sell real estate and sold real estate for other brokers for a period of time. At the time of trial she was employed as a clerical supervisor in Hennepin County. The parties acquired considerable real estate holdings during their marriage. Typically, Mr. Johnson would locate the property, Mr. and Mrs. Johnson would view it prior to joint purchase, and then Mrs. Johnson would handle subsequent bookkeeping matters and rent collections.

On July 15, 1973, Mrs. Johnson commenced an action for dissolution of the parties' marriage in Hennepin County District Court. The matter came on for trial on December 15, 1975. At the close of testimony on October 4, 1976, the trial court requested both counsel to present proposals for resolution of the matter. Mrs. Johnson's proposals were presented by letter on January 5, 1977. Mr. Johnson did not submit a proposal prior to the trial court's decision.

On June 16, 1977, the trial court found that the parties had net equities in household furnishings in the amount of $3,500, in Minnesota real property in the amount of $457,593, in Texas real property in the amount of $9,000, in Arizona real property in the amount of $567,477, and in an Arizona joint venture capital account in the amount of $180,000.

The trial court awarded Minnesota real and personal property with a net worth of $327,907 to Mrs. Johnson, and the remainder of the Minnesota property with a net worth of $133,186 and all of the Texas and Arizona properties with a total net worth of $756,000 to Mr. Johnson. Mr. Johnson moved for a new trial or amended findings on July 14, 1977, and at that time submitted a proposal for division of the property. The trial court denied both motions, and this appeal was taken.

■ 1. The first issue raised by appellant concerns the trial court's finding of fact that certain real property owned by appellant and located in Texas had a fair market value of $24,000. Appellant contends that the trial court's finding was not supported by the record. We disagree. Although appellant's unsubstantiated testimony was that the property was worthless due to recent developments in the area, evidence presented by respondent established that the property, purchased by appellant for $12,500 in 1972, had been represented by

appellant in a signed financial statement to have a fair market value of $25,000 in late 1974.

■ Based on the evidence, we conclude that the trial court's determination of a market value of $24,000 was not clearly erroneous. Exactitude is not required of the trial court in the valuation of assets in a dissolution proceeding; it is only necessary that the value arrived at lies within a reasonable range of figures. *Hertz v. Hertz,* 304 Minn. 144, 145, 229 N.W.2d 42, 44 (1975).

2-3. The next two issues concern appellant's interest in a joint venture in Black Canyon, Arizona. Appellant claims that the trial court erred by including his interest in the property division or, in the alternative, erred in its specific valuation of appellant's interest.

Much of the testimony at trial concerned the Black Canyon interest. In spring of 1972, Mr. and Mrs. Johnson considered purchasing as an investment approximately 202 acres in Arizona called the Black Canyon-Phoenix property, then owned by Mr. Johnson's corporate employer. In July of 1972, however, Mr. Johnson and several other individuals, not including Mrs. Johnson, purchased an option to buy the property. On February 1, 1973, a formal joint venture agreement was executed by appellant and those individuals for the purpose of acquiring, developing, and managing the investment property. Mr. Johnson acquired a 30 percent interest in the venture. The option was exercised in August of 1973, about one month after commencement of the dissolution proceeding.

■ Turning to appellant's initial claim of error concerning this property, we are urged, as was the trial court, to exclude the Arizona property entirely from the property division on the ground that it was acquired by appellant after the commencement of the dissolution proceeding.[1] To hold as appellant urges would require a significant departure from the plain meaning of the Minnesota statutes that governed this dissolution proceeding.[2]

■ Minn.St. 518.58 (1976), subjects all "property acquired during coverture" to disposition by the trial court. Appellant would have the Arizona property excluded from the trial court's jurisdiction on the basis that coverture in effect terminated upon the filing of the petition for dissolution. Minn.St. 518.54, subd. 5 (1976), however defines "property acquired during coverture" to mean "any property, real or personal, acquired by the parties, or either of them, to a dissolution or annulment proceeding *at any time during the existence of the marriage relation between them. * * .*" (Emphasis supplied.) The existence of the marriage relation continues in Minnesota until a decree of dissolution is granted, at which time the marriage contract is completely dissolved. Minn.St. 518.27. Thus property acquired after the filing of the petition is coverture property included in the property division in Minnesota.[3]

1. The trial court found that the property was acquired *prior* to commencement of the proceeding. We need not address this conflict, since the exact time of acquisition is not pertinent to our resolution of this issue.

2. Since this matter was tried and decided, the provisions of the Minnesota marriage dissolution law have been amended. L.1978, c. 772, § 53. They do not affect our decision in this case.

3. Appellant urges us to follow a line of decisions proceeding from the New Jersey courts which permit the trial court to determine the point at which the marriage terminated in effect, rather than in law, for the purpose of dividing assets. The rationale underlying these decisions is clear when the New Jersey statute

governing distribution of marital assets in a divorce proceeding is considered. Under New Jersey law, the trial court may make an equitable distribution of real and personal property that was legally and beneficially acquired by the spouses of either of them during the marriage. N.J.S.A. 2A:34-23. Unlike Minnesota, New Jersey law provides that property acquired by one of the parties prior to the marriage remains the separate property of that spouse and in the event of divorce will not qualify as an asset eligible for distribution. Furthermore, appreciation in the value of those separate assets is immune from disposition. *Painter v. Painter,* 65 N.J. 196, 320 A.2d 484 (1974). Thus, the significance of the time of acquisition of property in New Jersey divorce proceedings is apparent. To the contrary, un-

■ The statutory language is clear and unambiguous. In such cases, any statutory revision should be left to the legislature. *State v. West,* 285 Minn. 188, 173 N.W.2d 468 (1969). As we stated in *State v. West, supra,* "It is not for the courts to make, amend, or change the statutory law, but only to apply it. If its language embodies a definite meaning which involves no absurdity or contradiction, the statute is its own best expositor." 285 Minn. 197, 173 N.W.2d 474.

■ Although we reject appellant's legal argument, we do recognize his concern as valid. Because the assets are determined and valued at time of trial, the availability of a court date can be a significant factor in the spouses' business and financial decisions involving those assets. Thus, as trial courts exercise their discretion in dividing the assets of the parties, they are encouraged to consider, as one of many equitable factors, that an asset may have been acquired by one spouse without contribution of the other after commencement of a dissolution proceeding. Cf., *Cozik v. Cozik,* 279 Minn. 91, 155 N.W.2d 471 (1968) (trial court's property award to wife held excessive where husband contributed substantially more to property acquisition); *Silverness v. Silverness,* 270 Minn. 564, 134 N.W.2d 901 (1965) (trial court found not to have abused its discretion by awarding to one spouse real property that he had acquired independently during their informal separation).[4] Consistent with this policy, the trial court in this case expressly considered the efforts expended by appellant in acquiring the Arizona property subsequent to commencement of the dissolution proceeding and awarded appellant the entire interest in that property.

We turn next to appellant's contention that the trial court erred in its valuation of appellant's interests in the Black Canyon joint venture. According to appellant, the trial court valued the same property twice by finding appellant to have separate interests in the real estate and in the capital account of the joint venture.

The trial court found appellant to have equity in the joint venture's real estate, the primary asset, in the amount of $567,477. This figure equals 30 percent of the amount reached by reducing the appraised market value of the Arizona real estate, $4,174,700, by the liabilities of the joint venture, approximately $2,283,108. This valuation of the equity in the real estate is not challenged on appeal.

■ Appellant does challenge, however, the trial court's separate valuation of appellant's share of the joint venture's capital account. In addition to finding that appellant had an interest in the joint venture real estate in the amount of $567,477, the trial court found that appellant's interest in the capital account equalled $180,000. To reach that figure, the trial court apparently added the amount of appellant's capital account in 1975, $96,047, to 30 percent, or $110,000, of the profits realized by the joint venture from a 1976 land sale, which were deposited in the joint venture's bank account and constitute an asset. This computation was in error. Accordingly, we reverse and remand to the trial court for modification of the judgment with respect to the valuation of appellant's Arizona interests in accordance with this opinion.[5]

der the provisions of the Minnesota statute governing this case, property held by a spouse not acquired during coverture was subject to disposition up to one half of the total value of the assets. Minn.St. 518.59 (1976). The 1978 amendment to the statute limits the trial court's power to distribute such assets to cases of extreme hardship. Minn.St. 518.58 (1978).

4. We note that the 1978 amendments to the marriage dissolution law address in part this concern. The increase in value of property acquired before marriage and property ac-

quired by a spouse after a decree of legal separation are not marital property and are subject to disposition by the trial court only to prevent extreme hardship. Minn.St. 518.54, subd. 5; 518.58.

5. Appellant is not entitled to a new trial. Appellant's failure to supply information to the trial court in a proper way and to make a full and accurate disclosure of his assets and liabilities contributed in large part to this error; thus, he is not entitled to a second opportunity to try his case, and any inference adverse to

 Valuation of a partner's or joint venturer's [6] interest for the purpose of a division of property in a marriage dissolution is approached in the same manner as valuation of a withdrawing partner's interest. *Stern v. Stern,* 66 N.J. 340, 331 A.2d 257 (1975), *In re Marriage of Fonstein,* 17 Cal.3d 738, 131 Cal.Rptr. 873, 552 P.2d 1169 (1976), or valuation of a partner's interest upon dissolution of the partnership in accordance with applicable statutory provisions such as Minn.St. 323.39. First, the difference between the fair market value of the partnership's assets, both real and personal, and its liabilities is determined. Next, the partners' capital accounts, which are debts of the partnership, *Petersen v. Petersen,* 284 Minn. 61, 169 N.W.2d 228 (1969), are subtracted from that figure. Out of the remainder, the partner's percentage interest is determined. The partner's capital account in full is an additional, separate asset to be included in the division of property. See, e. g., *McDowell v. McDowell,* 499 P.2d 1208 (Colo.App.1972). We believe that sufficient evidence exists in the record to permit the trial court on remand to modify its judgment in accordance with this formula.

 4. Finally, appellant claims the trial court erred by not amending its findings, as appellant proposed, to minimize the tax consequences of the property division. We disagree. Although it is entirely proper for the trial court to consider the tax consequences of its award as one of the many factors pertinent to an equitable division of property, *Seiler v. Seiler,* 48 Wis.2d 400, 180 N.W.2d 627 (1970), tax considerations are not controlling. The trial court did not err by failing to adjust the award to accommodate for taxes, especially where no evidence on the issue was presented at trial or in a

proposal submitted to the trial court prior to its decision.

5. Neither party is awarded attorneys fees for this appeal.

Affirmed in part, reversed in part, and remanded with instructions to modify the judgment in accordance with this opinion.

OTIS, J., took no part in the consideration or decision of this case.

---

him due to his original indifference is justified. See, *Solon v. Solon,* 255 N.W.2d 395 (Minn. 1977); *Krohn v. Krohn,* 284 Minn. 95, 169 N.W.2d 389 (1969). Furthermore, the record clearly indicates that the specific value of the Arizona property was not a significant factor in the trial court's division. In its order denying appellant's post-trial motions, the trial court stated that it had disproportionately awarded property in favor of appellant because of his

efforts in acquiring the Arizona property and the proximity of acquisition to the parties' separation. We are not convinced that a different division of property would have been made had the valuation of the Arizona interest been less.

6. A joint venture may be valued under the same principles as a partnership. *Standard Clothing Co. v. Wolf,* 219 Minn. 128, 17 N.W.2d 329 (1945).