Norma Anne RONNKVIST, Respondent,

v.

Ake Elis Ingemar RONNKVIST, Appellant,

Thomas Strahan, Defendant.

No. CX–81–1070.

Supreme Court of Minnesota.

April 8, 1983.

Lindquist & Vennum and David G. Newhall, Minneapolis, for appellant.

Darel F. Swenson, Wayzata, for respondent.

WAHL, Justice.

Ake Elis Ingemar Ronnkvist appeals from the judgment and order of the Carver County District Court amending the original judgment and decree of marital dissolution to award the plaintiff Norma Anne Ronnkvist an additional $106,250 in cash, representing her equitable interest in certain common stock not considered for purposes of the property distribution at the time of the original decree and her interest in the additional, but previously undisclosed, value of stock of which the dissolution court was aware. Affirmed in part; reversed in part and remanded.

This marital dissolution action was originally commenced by Norma in May 1976. At that time, Ake owned 555 shares of common stock of Tooltech, Inc., and was negotiating for the purchase of additional shares. These negotiations and the proposed purchase were not announced to Norma during discovery proceedings in July 1976 and December 1976. In fact, on that latter date, Ake responded to interrogatories that he had fully disclosed the nature and extent of his assets.

The dissolution action was called for trial on December 9, 1976, at which time the parties entered into a stipulated agreement which, among other terms, provided for the distribution of the 555 shares of Tooltech common stock between the parties. Ake then acquired 355 additional shares of Tooltech common stock on December 15, 1976, after the agreement was reached but before it was formally reduced to writing in January 1977. This acquisition was not disclosed to Norma or the court, and the judgment and decree entered on February 2, 1977, which incorporated the parties' agreement, made no distribution of this additional property.

The plaintiff thereafter commenced this action to vacate and set aside the original judgment and decree, claiming that Ake had misrepresented the value of his ownership of Tooltech stock and had failed to disclose the acquisition of additional common stock before the judgment was entered. The trial court found that the defendant had misrepresented the value of his stock holdings and failed to disclose the additional purchase, held the plaintiff entitled to one-half of the net value of the stock at the date of the dissolution decree, and awarded plaintiff $106,250.

On appeal, the parties have stipulated to a valuation of the common stock at $400 per share. Our inquiry is therefore limited to whether a party to an oral stipulation for the distribution of property has a duty to disclose property acquired after the oral stipulation but before the entry of the judgment and decree, and whether the court's award is supported by the record.

The general rule is that parties to a martial dissolution proceeding have a duty to make a full and accurate disclosure

of all assets and liabilities to facilitate the trial court's property distribution. *Bollenbach v. Bollenbach,* 285 Minn. 418, 428, 175 N.W.2d 148, 155 (1970). This duty to fully disclose extends to the time the decree is entered. In *Johnson v. Johnson,* 277 N.W.2d 208 (Minn.1979), we interpreted Minn.Stat. § 518.58 (1976), the legislation controlling the Ronnkvists' 1977 dissolution. That statute subjected all property acquired during converture to distribution by the trial court. We concluded that the term "coverture" encompassed the period from the beginning of the marriage to its ultimate termination by judicial decree. 277 N.W.2d at 211. Therefore, as in *Johnson,* where property acquired after the filing of the petition for dissolution was held to be marital property subject to division, the additional Tooltech stock acquired by Ake constitutes marital property. Ake's duty to disclose that acquisition continued until the formal dissolution of the marriage by decree. A breach of that duty constitutes fraud sufficient to set aside the judgment. *Hafner v. Hafner,* 237 Minn. 424, 432, 54 N.W.2d 854, 859, (1952). The district court therefore correctly held that it was necessary to amend the original judgment and decree.

 We then must determine whether the valuation assigned to the stock and the distribution by the trial court were appropriate. Underlying that consideration is the recognized goal of placing the injured party in the same position she would have enjoyed had a full disclosure been made. *Johnson v. Johnson,* 250 Minn. 282, 292, 84 N.W.2d 249, 256 (1957). In this case, full disclosure would have increased the martial estate by the additional 355 shares of common stock at a stipulated value of $400 per share.

While we have often stated that trial courts are accorded broad discretion in both the valuation and distribution of an asset, exercise of that discretion is not unlimited and should be supported by either clear documentary or testimonial evidence or by comprehensive findings issued by the court. The absence of such findings renders review of the amended judgment difficult.

However, the record does indicate that the original 555 shares of common stock were valued at their aggregate $73,500 book value and that, in implementing that valuation, the trial court approximated an equal division of the parties' marital assets. Guided by that equitable division and the goal of restoring Norma to the position she would have held had the full disclosure occurred, we conclude that she is entitled to an additional $82,250,[1] together with interest, representing her proportionate share of that undisclosed acquisition. That figure, rather than the $106,250 awarded by the trial court, is supported by the record and accomplishes the distribution intent expressed by the court. The amended judgment is therefore affirmed in part and reversed in part and is remanded to the trial court for a modification consistent with this decision.

Affirmed in part; reversed in part and remanded.

---

1. The value of 910 shares of common stock at $400 per share is $364,000. From that figure, we subtract $126,000 representing liability of which the dissolution court was unaware and $73,500 which has already been distributed by the dissolution court. The remaining $164,500 is the net value of assets which were not distributed by the dissolution court. Fifty percent of $164,500 is $82,250.