In re the Marriage of Katherine A. BEU-
GEN, a/k/a Katherine A. Williams, pe-
titioner, Respondent,

v.

Robert J. BEUGEN, Appellant.

No. C3–84–261.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Lynnel L. Jones, Jones & Barr, Minneapolis, for respondent.

Steven H. Berndt, Beugen & Iverson, Ltd., Minneapolis, for appellant.

Heard, considered, and decided by LANSING, P.J., WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

Robert Beugen appeals a post-dissolution judgment and decree order that required him to pay Katherine Beugen approximately $17,000 derived from a stock dividend and insurance proceeds. The order was issued following a hearing that occurred more than four years after the date of the dissolution. We reverse.

## FACTS

### Stock Dividend

Early in 1979 Katherine and Robert Beugen ended their marriage by dissolution. Between the time of trial in December 1978 and the issuance of the dissolution findings and order, February 13, 1979, a dividend was declared on 3000 shares of Nicolet Instrument stock owned by Robert. The stock had been owned by Robert prior to marriage or was acquired with premarital assets. Robert did not disclose the dividend to the court. The dissolution order awarded Katherine "1500 shares of Nicolet Instrument stock having a value of $28,-125." The dividend apparently did not affect the price of the stock. 1500 shares were worth approximately $27,609 when the findings were entered. Nevertheless,

the dividend on those 1500 shares was worth approximately $13,000 which was retained by Robert.

*Insurance Proceeds*

The dissolution order awarded the homestead to Katherine. A few months afterwards, the homestead was damaged by water. The insurer issued a check in compensation to Robert for $4,025.03. Robert retained the proceeds; Katherine paid for the repairs.

At a post-judgment and decree hearing in fall, 1983, Katherine requested both the stock dividend and the insurance proceeds. Her request was granted in a family court order dated September 16, 1983.

## ISSUES

Did the family court have authority to award Katherine

(a) the stock dividend in a hearing that occurred more than four years after the entry of the judgment and decree; and

(b) insurance proceeds for damage to the homestead that occurred after the entry of the judgment and decree?

## ANALYSIS

■ Property divisions are deemed final. Minn.Stat. § 518.64(2) (Supp.1983). However, the court may modify a property award for the following reasons:

(1) Mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken ... This rule does not limit the power of a court ... to set aside a judgment for fraud upon the court.

Minn.R.Civ.P. 60.02. Parties to a dissolution must disclose their assets up to the time that a decree is entered. *Ronnkvist v. Ronnkvist,* 331 N.W.2d 764 (Minn.1983). Nondisclosure is tantamount to fraud, *id.,* newly discovered evidence or possibly mistake. Motions for these reasons must be made within one year of the entry of judgment. The court has no authority to grant relief thereafter; Katherine Beugen's motion was untimely. It is recognized that the failure by one party to disclose pertinent information to a proceeding is not "fraud on the court." *Kupferman v. Consolidated Research and Mfg. Corp.,* 459 F.2d 1072 (2d Cir.1972); *Kerwit Med. Products v. N. & H. Instruments,* 616 F.2d 833 (5th Cir.1980). To classify nondisclosure under a catchall provision would render meaningless the one-year limitation on motions under the rule.

■ A family court judge shall hear "all family matters assigned to him," but does not ordinarily carry out the regular duties of a district court judge. Minn.Stat. § 484.65 (1982). Therefore, the family court had no authority to render judgment on a dispute regarding the insurance proceeds. That issue arose after the parties' dissolution and was not related to matters contained in the judgment and decree.

## DECISION

The court had no authority to modify a judgment for fraud when the motion was made more than one year after the dissolution decree. Nor did the court have authority to grant relief on a non family court matter.

**We reverse.**