Eleanor Louis BOOM, Respondent,

v.

Rolland David BOOM, Appellant.

No. C2–83–1956.

Court of Appeals of Minnesota.

April 23, 1985.

Review Denied June 27, 1985.

Robert E. Van Nostrand, Wheaton, for respondent.

John E. Mack, New London, for appellant.

Heard, considered and decided by POPOVICH, Chief Judge, and SEDGWICK, and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Appellant Rolland Boom and respondent Eleanor Boom both challenge the trial court's division of property. Rolland also alleges the trial court erred: (1) in amending its judgment decree without any findings, explanation or justification; and (2) awarding Eleanor attorney fees. We affirm.

## FACTS

Appellant Rolland and respondent Eleanor Boom were married in 1951. They

separated and this action was commenced after 19 years of marriage on October 8, 1970. The trial on the dissolution took place in March 1983, 13 years after the action was commenced. No reason is given for this delay.

Throughout the separation, Rolland complied with all court orders including maintenance and child support. Without any order he has paid all real estate taxes and insurance on the homestead occupied by Eleanor and the four children, now adults. He has also paid health insurance and medical and orthodontia bills not covered by insurance, and all the children's college expenses.

Eleanor has an eleventh grade education and no additional training. She was a homemaker until the separation. She has sold Avon products and more recently been employed as a cook and parttime bartender at mostly minimum wage. The court found that she had some physical disability but was able to be employed full time, probably at minimum wage. The court further found "that her opportunity for future income and acquisition of capital assets is substantially less than defendant's opportunity therefor."

Rolland is a farmer. Following the parties separation in 1970 Rolland acquired the following property:

1.  $47,264.32 inherited from his father in 1973.
2.  $30,000 in annual gifts of $3,000 from his mother from 1972. $7,500 of this is presently in a Keogh account.
3.  An undivided interest in 10 grain bins of undetermined value located on his mother's and brother's land.
4.  Grain and crop valued at $25,913.
5.  Lakeshore property he purchased in 1978 for $13,500. Present fair market value $15,500.
6.  Contract for deed, given to him by his mother in 1976 for 320 acres. Present fair market value $320,000. Because the gift is not yet complete, nor any deed delivered, the court concluded Rolland's interest to be undetermined.
7.  80 acres of real estate in Monson Township, Traverse County. Purchased in 1976 for $14,000; its present fair market value is $80,000.
8.  185.43 acres of real estate in Traverse County. Purchased in 1980 for $144,000, which is its present fair market value.

The parties homestead, which in 1970 had a fair market value of $30,000, now is worth $75,000. Rolland has farm debts of $45,800. Eleanor has borrowed $5,000 from her mother and owes $1,100 in bills.

The judgment and decree dated September 29, 1983 awarded the homestead and furnishings free and clear of encumbrance and $40,000 in three scheduled payments, with interest, to Eleanor for a property division. The money payment was secured by a lien on real property in Traverse Township. This provision was modified on October 20, 1983, following a motion for amended findings, to $45,000. Also, Rolland was required to pay her $3,000 attorney fees and provide health and hospitalization insurance.

Rolland received the balance of the real estate and farming equipment.

## ISSUES

1.  Did the trial court err in the property division?

2.  Were the conclusions of law properly amended?

## ANALYSIS

The trial court expressed concern about the effect of the prolonged separation on marital property. The findings do not clearly designate what is marital and what is non-marital. The trial court concluded the November 9, 1970 temporary order should be construed as a legal separation for purposes of identifying marital and non-marital property. This was clearly error. A legal separation is governed by Minn.Stat. § 518.06. It is a separate proceeding commenced by personal service of

a summons and petition. Minn.Stat. § 518.09.

The trial court properly determined that the present statute, not the law of 1970 applied. *Johnson v. Johnson*, 277 N.W.2d 208 (Minn.1979). If the trial court could construe the temporary order as a decree of legal separation, the property acquired after the decree would be non-marital. *See*, Minn.Stat. § 518.54, subd. 5 (1982).

In *Johnson*, the supreme court recognized the marriage relationship continues until a decree of dissolution is granted and that "property acquired after the filing of the petition is coverture property included in the property division in Minnesota." *Id.* at 211. *See also, Ronnkvist v. Ronnkvist,* 331 N.W.2d 764, 766 (Minn.1983). However, the court in *Johnson* encouraged courts to consider as an equitable factor "that an asset may have been acquired by one spouse without contribution of the other after commencement of a dissolution proceeding." *Id.* at 212.

It appears the marital and non-marital property should be classified as follows:

| Marital Property | Present Fair Market Value |
|---|---|
| Home | $ 75,000 |
| * Stored grain and crop | 25,913 |
| * Vacant lakeshore property (1978) | 15,500 |
| * 80 acres real estate—Monson Township (Traverse County) (1976) | 80,000 |
| * 185.43 acres of real estate—West Lake Township (Byman Farm) (1980) | 144,000 |
| * Rolland's undivided 1/2 interest in farm machinery valued at $107,000 (107,000 × 1/2) | 53,500 |
| Household goods and furnishings | Value Unknown |
| Automobile and pickup | Value Unknown |
| TOTAL | $393,913 |

* If any of these were purchased with the proceeds from the non-marital property (gifts and inheritances) they should be categorized as non-marital property.

### Non-Marital Property Rolland

| | |
|---|---|
| $ 47,264.32 | inheritance from father |
| 30,000.00 | $3,000 annual gifts from mother beginning in 1972 |
| 7,500.00 | Keogh account |
| 320,000.00 | Gift from mother of contract for deed to 320 acres in Monson Township—present fair market value |

TOTAL  $404,764.32 + 393,913.00 = $798,675.32

For her share of the marital estate, the trial court awarded Eleanor property and cash distribution totalling $120,000 (a homestead valued at $75,000 and a $45,000 cash settlement, along with household goods and an automobile). The trial court felt the $45,000 cash settlement invaded Rolland's non-marital property.

For his share of the marital property, the trial court awarded a total of $284,764 to Rolland.

We feel under the unique circumstances of this case the trial court made a thoughtful and fair property division. It considered the equitable factor of *Johnson* and properly recognized that many of the items deemed marital property in the above list were acquired solely by Rolland. Also, if this dissolution had proceeded in the normal course, Eleanor would have been 39 or 40 years of age. She has already received 13 years of maintenance and the trial court's determination that a cash settlement was called for was appropriate.

Rolland's argument that the trial court cannot revise the judgment and decree is without merit. The motion to amend was heard within the appeal period from the original judgment. *See*, Minn.R. Civ.P. 52.02; 59.03. The record is unclear whether Rolland served Eleanor with notice of the court's decision.

It is true that property divisions are final and are not subject to modification except when they are a product of mistake or fraud. *Kerr v. Kerr*, 309 Minn. 124, 126, 243 N.W.2d 313, 314 (1976). However, this was not intended to preclude the trial court from reviewing an award if the appeal period has not expired and a party timely moves for amendment pursuant to Minn.R.Civ.P. 52.02. A property distribution in a judgment and decree is not final until after the appeal period expires. *Bollenbach v. Bollenbach*, 285 Minn. 418, 436, 175 N.W.2d 148, 159 (1970); *Kiesow v. Kiesow*, 270 Minn. 374, 386, 133 N.W.2d 652, 661 (1965).

## DECISION

The court did not err in distribution of marital property. The court properly amended its conclusions of law.

Affirmed.