**In re the Marriage of Shirley A. CARLSON, Petitioner, Appellant,**

v.

**Robert J. CARLSON, Respondent.**

**No. C4–85–182.**

Court of Appeals of Minnesota.

July 23, 1985.
Review Denied Oct. 11, 1985.

Terence J. McCloskey, Minneapolis, for appellant.

Russell A. Sorenson, Minneapolis, for respondent.

Heard, considered, and decided by HUSPENI, P.J., and FORSBERG and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

Appellant wife Shirley A. Carlson appeals from the trial court's dismissal of her motion to revoke a stipulation and vacate the section of the marriage dissolution decree which apportioned the parties' marital property. In her motion brought 21 months after entry of the decree, wife alleged that respondent husband Robert J. Carlson had fraudulently concealed marital assets at the time of the dissolution proceeding. We affirm.

## FACTS

Wife and husband entered into a stipulation which was incorporated into a judgment and decree of dissolution entered August 24, 1979.

On June 12, 1981, wife filed a motion alleging that husband fraudulently concealed marital assets at the time the dissolution settlement was negotiated. That motion came on for hearing on June 25, 1981 and was continued until August 25, 1981.

On July 6, 1981, husband filed a petition for a writ of prohibition with the Minnesota Supreme Court, asserting that the district court was without jurisdiction to entertain wife's motion because the motion was untimely and precluded by Rule 60.02 of the Minnesota Rules of Civil Procedure. The petition for a writ of prohibition was summarily denied.

A hearing was held on October 23, 1981, and a resulting order was issued on November 16, 1981. That order stated that wife had made a prima facie showing that husband had misrepresented and fraudulently concealed the net worth of the parties. Wife was granted full and complete discovery powers regarding the assets of husband prior to the entry of the dissolution decree.

Another hearing was held on May 12, 1982. In an order dated June 9, 1982, the court found that husband had improperly omitted real property and monetary obligations from the marital property listed in the stipulation. Those paragraphs in the decree pertaining to the property settlement were vacated. The matter was placed on the contested court calendar for judicial determination of the property settlement issues.

Husband brought a motion to vacate the June 9 order for lack of subject matter jurisdiction. This was denied in an order dated August 13, 1982.

The hearing regarding the extent of the parties' marital property prior to dissolution came on before a second court. The matter was taken under advisement on October 1, 1984. In December, that court requested that both parties submit briefs regarding the jurisdiction of the family court to hear the matter. On December 28, 1984, the court ruled that, pursuant to *Beugen v. Beugen*, 352 N.W.2d 821 (Minn.Ct. App.1984), and Rule 60.02 of the Minnesota Rules of Civil Procedure, the family court did not have jurisdiction to hear this matter.

## ISSUE

Does a district court lack subject matter jurisdiction to vacate a judgment and decree of dissolution on the grounds of alleged fraud when the motion is within the purview of Rule 60.02(3) and was brought more than one year after entry of the judgment and decree of dissolution?

## ANALYSIS

Minnesota Rule of Civil Procedure 60.02 reads in pertinent part:

> On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and may order a new trial or grant such other relief as may be just for * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party * * * or (6) any other reason justifying relief from the operation of judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Pursuant to Rule 60.02, this court recently held that the family court does not have authority to modify a dissolution decree for fraud within the purview of clause (3) of the rule if the motion to modify occurs more than one year after entry of the dissolution decree. *Beugen v. Beugen*, 352 N.W.2d 821 (Minn.Ct.App.1984). Husband argues that this court's holding in *Beugen* is dispositive as to whether wife's motion is timely. Wife asserts several arguments to evade the application of the one-year time limit imposed by Rule 60.02 for a motion to vacate a judgment on the basis of fraud within the purview of clause (3). We conclude that these arguments are without merit.

A. Wife first argues that her motion to revoke the stipulation and vacate the judgment and decree was before the family court pursuant to Minn.Stat. § 548.14 (1980). Minn.Stat. § 548.14 provides in relevant part:

> Any judgment obtained in a court of record by means of perjury, subornation or any fraudulent act, practice, or representation of the prevailing party, may be set aside in an action brought for that purpose by the aggrieved party in the same judicial district within three years

after the discovery by him of such perjury or fraud.

Minn.Stat. § 548.14 (1980).

However, an attack on a judgment pursuant to section 548.14 requires the initiation of an independent equitable action. *See Johnson v. Johnson*, 243 Minn. 403, 68 N.W.2d 398 (1955). Wife did not initiate an independent action in equity to vacate the apportionment of marital property in the decree, but rather filed a motion at law in the original dissolution action. Furthermore, we must conclude that the reference to section 548.14 in wife's memorandum accompanying her motion to vacate is not sufficient to bring this matter within the purview of section 548.14.

B. Wife next asserts that the supreme court's denial of husband's petition for a writ of prohibition on July 17, 1981, was, in fact, a grant of jurisdiction to the family court to reopen and hear this matter. A writ of prohibition is an extraordinary writ, the grant of which is not a matter of right. *See* Rule 120.01 Minn.Civ. App.P. A summary denial of a petition for a writ of prohibition indicates either that the court has decided not to exercise its discretionary authority to grant such a writ or that the petition is without merit. *Minnesota Practice, Rules of Civil Procedure Annotated*, Hetland and Adamson, vol. 3 (1970) p. 511. Inasmuch as the supreme court merely issued a summary denial of husband's petition without an accompanying memorandum, we cannot conclude that the denial of that petition is dispositive regarding the existence of family court subject matter jurisdiction.

C. Next, wife attempts to evade the application of the one-year time limit imposed by Rule 60.02 for motions to vacate a judgment within the purview of clause (3) by arguing that the facts here compel the application of clause (6) of the rule. Rule 60.02(6) allows vacation of a judgment for "any other reason justifying relief from the operation of judgment".

There is no specific time limit in which a motion pursuant to clause (6) must

be brought. Rule 60.02 simply requires that the motion be brought within a "reasonable time." Generally, relief may not be granted under clause (6) of Rule 60.02 if the grounds therefor properly fall within clauses (1), (2) or (3) of the rule. *Sommers v. Thomas,* 251 Minn. 461, 88 N.W.2d 191 (1958). However, it has been recognized that a review of all the facts in a given case might reveal some bases which would justify relief under clauses (1), (2), or (3) and other bases which would justify relief under clause (6). *Sommers* at 467, 88 N.W.2d at 195. In such circumstances, relief under clause (6) would be available if it were sought within a reasonable time, even though such relief might be precluded under clauses (1), (2), or (3). *Id.*

■ The *Sommers* rationale was first expanded in this jurisdiction in the case of *Simons v. Schiek's,* 275 Minn. 132, 145 N.W.2d 548 (1966). In *Simons,* the supreme court ruled that the obvious impossibility of the movant's compliance with the one-year requirement of clause (1) was sufficient to bring that case under clause (6). *Id.* at 138, 145 N.W.2d at 552. Wife urges this court to extend the rationale of *Simons* to this matter. We note this court has recently allowed reopening of a dissolution judgment pursuant to Minn.R.Civ.P. 60.02(6). *See Lindsey v. Lindsey,* 369 N.W.2d 26 (Minn.Ct.App.1985). A review of *Simons* and *Lindsey* compels us to conclude that such allowance must be limited to the extraordinary circumstances.[1] We do not find that these circumstances compel the application of Minn.R.Civ.P. 60.-02(6).

■ D. Wife also attempts to evade the time limit imposed on a motion within the purview of Rule 60.02(3) by asserting that the fraud in this matter constitutes a fraud upon the court. Rule 60.02 expressly provides that it "does not limit the power of a court * * * to set aside a judgment for fraud upon the court." This court's holding in *Beugen* is dispositive as to this issue.

[T]he failure by one party to disclose pertinent information to a proceeding is not "fraud on the court." (Citations to cases omitted.) To classify nondisclosure under a catchall provision would render meaningless the one-year limitation on motions under the rule.

*Beugen,* 352 N.W.2d at 823.

Wife also attempts to distinguish the conduct alleged here (concealment of marital assets) from that in *Beugen* (nondisclosure of assets). This argument is without merit. In both cases, the ultimate wrongdoing is the same: failure to disclose truthfully the extent of the marital assets. Further, the conduct alleged here cannot be characterized as so flagrant or shocking as to come within the stringent requirements for conduct that constitutes a fraud upon the court. *See Kupferman v. Consolidated Research & Manufacturing Corp.,* 459 F.2d 1072 (2d Cir.1972).

E. Wife contends that the one-year limit for bringing a motion pursuant to Rule 60.02(3) has no application to this matter because: (1) the express language of the rule exempts application of the rule's provisions to divorce decrees, and (2) the one-year limitation is tolled until discovery of the fraud.

■ (1) Although the introductory language of Rule 60.02 states its provisions apply to relieve a party from a final judgment "other than a divorce decree," case law has limited the application of this passage to that portion of the decree dissolving the bonds of matrimony. *Berg v. Berg,* 309 Minn. 281, 283–284, 244 N.W.2d 149, 151 (1976). Again, this court's holding in

---

1. Simons was injured in a fall, and settled with defendant for an extremely modest sum. Three years later, a necrotic hip condition traceable to the fall developed. Inasmuch as it would have been impossible to discover this condition at the time of the settlement, the court allowed vacation of the settlement and reopening of the action pursuant to Rule 60.02(6).

In *Lindsey,* Mrs. Lindsey was mentally ill at the time she signed two stipulations. We allowed reopening of the judgment and decree of dissolution incorporating those stipulations pursuant to Minn.R.Civ.P. 60.02(6).

*Beugen* is dispositive. A motion to modify a dissolution decree for fraud within the purview of Rule 60.02(3) must be brought within one year of the entry of the judgment of dissolution. *Beugen,* 352 N.W.2d at 823.

 (2) We cannot agree that the one-year limitation applicable to a motion pursuant to Rule 60.02(3) is tolled if fraudulent concealment is present. Wife's analysis of this issue is flawed. She appears to blend Rule 60.02 with Minn.Stat. § 548.14 in making this argument. While section 548.14 provides for a three-year statute of limitation commencing with the discovery of the fraud, there is no such language in Rule 60.02 to toll the one-year time limit for bringing a motion pursuant to Rule 60.-02(3).

Wife also cites the common law rule that the relevant statute of limitation for initiation of an action is tolled until discovery of the cause of action, if discovery thereof was precluded by fraud or concealment. *See Murray v. Fox,* 300 Minn. 373, 220 N.W.2d 356 (1974). However, there is no support in the common law for application of this principle to a motion at law to vacate a judgment pursuant to Rule 60.-02(3). There is a strong public policy in limiting the time and basis upon which a judgment may be vacated pursuant to a motion at law in the original action. A remedy alternative to Rule 60.02(3) was available to wife. Even 21 months after entry of the dissolution decree, she could have brought an independent action pursuant to Minn.Stat. § 548.14. That statute permits an action to be commenced within three years of discovery of the fraud.

We are not insensitive to wife's plea at oral argument that she relied upon the supreme court's denial of husband's Petition for Writ of Prohibition and upon the trial court's orders of November 16, 1981 and June 9, 1982 in believing there was no jurisdictional impediment. While we do not address what merit, if any, this argument might have in other than a Rule 60.02 motion, we cannot elevate wife's re-

liance to the level of reviving jurisdiction when that jurisdiction has been lost.

F. Finally, wife contends *Beugen* is contrary to the precedent established in *Ronnkvist v. Ronnkvist,* 331 N.W.2d 764 (Minn.1983). In *Ronnkvist,* the supreme court ruled that the failure of a party to a dissolution to fully disclose his assets constituted fraud sufficient to set aside the judgment. However, the court in *Ronnkvist* never addresses Rule 60.02. The procedural route used by the plaintiff in *Ronnkvist* was a separate action. *Ronnkvist,* 331 N.W.2d at 765.

## DECISION

Wife's motion to vacate the section of the parties' decree of dissolution apportioning marital property is within the purview of Rule 60.02(3). Inasmuch as wife's motion to vacate was commenced over one year after entry of the decree, the family court lacked subject matter jurisdiction to reopen that decree.

Affirmed.