**In re the Marriage of Mary Elizabeth MARANDA, Petitioner, Respondent,**

v.

**Edward Charles MARANDA, Appellant.**

**No. C3–88–1306.**

Court of Appeals of Minnesota.

Feb. 14, 1989.

Review Granted April 19, 1989.

Ragnhild A. Westby, St. Paul, Patrick B. Hennessy, Best & Flanagan, Minneapolis, for petitioner, respondent.

Shirley A. Reider, Robert Zalk, Minneapolis, Timothy Dwyer, St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and LESLIE,* JJ.

## OPINION

DAVID R. LESLIE, Judge.

Appellant Edward Maranda appeals from an order which vacated the property distribution provisions of the 1979 judgment and decree dissolving the parties' marriage. Appellant also appeals from a judgment for respondent based on the court's valuation of the 1979 marital estate. We reverse.

## FACTS

In 1979, Mary and Edward Maranda ended their marriage by dissolution pursuant to a stipulation. The dissolution decree awarded each party one half of assets valued at approximately $120,000. Mary Maranda was represented by counsel during the dissolution; Edward Maranda was not.

In December 1984, Mary brought a motion to vacate the property division portion of the decree and requested the court to make an equitable property division. Mary alleged that Edward fraudulently concealed marital assets at the time the stipulation was negotiated.

The trial court held hearings on the motion from December 22, 1986—May 26, 1987. In a resulting order issued on September 2, 1987, the trial court found that

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

the information furnished by Edward to Mary at the time of the stipulation was incomplete and inaccurate. The court concluded that Mary had shown sufficient evidence of fraud to warrant vacating the property division provisions of the 1979 decree. The court set a hearing date for early January 1988 for further proceedings to determine the value of the 1979 marital estate. In the intervening time, Edward sought to appeal the denial of his motion for amended findings or a new trial. While the appeal to this court was pending, the trial court held a hearing on Mary's motion for a supersedeas bond. On January 5, 1988, the trial court denied that motion, required filing of a cost bond, granted a request for filing of a notice of lis pendens and issued a restraining order preventing Edward's sale or acquisition of real property without Mary's consent. The court set a trial date for January 19, 1988.

On January 19, Edward's attorney, who thought the trial would not proceed pending resolution of the appeal to this court, moved for a continuance. The motion was denied. Following testimony on January 19, Edward's counsel again moved for a continuance, and sought a writ of prohibition in this court. Following consultation with this court, the trial court granted a continuance and the writ petition was denied.

On January 25, the scheduled trial date, Edward's counsel was injured in an auto accident and could not proceed. The trial was rescheduled for February 8, 1988. Edward's counsel had another trial scheduled for that date and believed the trial in this matter would not take place. Edward departed on a trip to Europe on February 6, shortly before his counsel learned that the trial would proceed as scheduled.

On February 8, 1988, Edward and his counsel did not appear for trial, but sought a writ of prohibition from this court. The writ was summarily denied. Edward's attorney sought a continuance from the trial court, which was denied. Edward's counsel stated that she could not proceed in the absence of her client. Counsel did not cross examine Mary's expert witness.

The trial court entered judgment for Mary in the amount of $561,159 plus attorney fees, witness fees, and interest. Edward has appealed, claiming that the trial court improperly vacated the 1979 decree; that the trial court erred in failing to grant a continuance on February 8; that the judgment was based on speculative evidence; and that the trial court unreasonably imposed restraints on him. By motion dated November 2, 1988, respondent moved this court for an award of attorney fees on appeal.

## ISSUES

1. Did the trial court err in partially vacating the judgment and decree of dissolution?

2. Did the trial court abuse its discretion by failing to grant a continuance on February 8, 1988?

3. Did the trial court abuse its discretion in its valuation of the marital estate?

4. Is respondent entitled to attorney fees on appeal?

## ANALYSIS

*Vacation of the 1979 Judgment and Decree*

Respondent initiated this action in 1985 with a motion under Minn.R.Civ.P. 60.02, subd. (3) and (6). In 1986, the Minnesota Supreme Court decided *Lindsey v. Lindsey*, 388 N.W.2d 713 (Minn.1986). The decision in *Lindsey* applies retroactively to cases filed prior to the decision. *Merickel v. Merickel*, 414 N.W.2d 208, 211 (Minn.Ct. App.1987). Under *Lindsey*, a property settlement may not be vacated pursuant to Minn.R.Civ.P. 60.02. *Lindsey*, 388 N.W.2d at 716. The trial court has inherent power to revoke a property settlement only when the circumstances surrounding entry of the judgment and decree amount to fraud upon the court and the administration of justice. *Id.*

The trial court found sufficient evidence of fraud to vacate the decree. We do not agree. Minnesota has not defined "fraud upon the court." This court has

stated that it is fraud connected with the presentation of a case to the court, and differs from the "intrinsic or extrinsic" fraud envisioned by clause (3) of Minn.R. Civ.P. 60.02. *Angier v. Angier*, 415 N.W. 2d 53, 56 (Minn.Ct.App.1987); *see Kupferman v. Consolidated Research & Manufacturing Corp.*, 459 F.2d 1072, 1078 (2nd Cir.1972) (fraud upon the court cannot be read to embrace any conduct of which the court disapproves, but embraces only that species of fraud which does, or attempts to, defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner); *Kerwit Medical Products, Inc. v. N & H Instruments, Inc.*, 616 F.2d 833, 836–37 (5th Cir.1980) (only a small number of acts that can be considered fraud amount to fraud upon the court).

The trial court based its order vacating the dissolution decree on findings that appellant failed to accurately disclose marital assets at the time of the stipulation. This court has held that failure by one party to disclose pertinent information to a proceeding is not fraud upon the court. *Carlson v. Carlson*, 371 N.W.2d 591, 595 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. Oct. 11, 1985). Neither nondisclosure nor concealment of marital assets constitutes fraud upon the court. *Id.*

The presence of extraordinary circumstances which preclude a party's ability to fairly and reasonably understand the matters under consideration can justify vacation of a decree. *Lindsey*, 388 N.W.2d at 716. In this case, however, respondent did not demonstrate any such circumstances.

■ The judgment and decree in the present case incorporated the stipulation agreed to by the parties. Under such circumstances, we extend our review to the circumstances surrounding the stipulation. *Kroeplin v. Haugen*, 390 N.W.2d 872, 875, n. 1 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 25, 1986). Courts favor stipulations, particularly in dissolution cases, as a means of simplifying and expediting litigation. *Tomscak v. Tomscak*, 352 N.W.2d 464, 466 (Minn.Ct.App.1984) (citing *Anderson v. Anderson*, 303 Minn. 26, 225

N.W.2d 837 (1975)). A stipulation is treated as a binding contract which cannot be repudiated by one party without the consent of the other party. *Tomscak*, 352 N.W.2d at 466. In exceptional circumstances, a trial court may set aside a stipulation for fraud, duress or mistake. *Angier*, 415 N.W.2d at 56. The requirements for a properly entered stipulation are:

(1) whether the party was represented by competent counsel;

(2) whether extensive and detailed negotiations occurred;

(3) whether the party agreed to the stipulation in open court; and

(4) whether when questioned by the judge the party acknowledged understanding the terms and considered them fair and equitable.

*Pekarek v. Wilking*, 380 N.W.2d 161, 163 (Minn.Ct.App.1986) (citing *Tomscak*, 352 N.W.2d at 466). The record indicates that the court proceedings here substantially met these criteria.

■ Respondent was represented by competent counsel during preparation of the stipulation. There is evidence in the record that appellant, who was unrepresented, negotiated the stipulation with respondent's attorney. The parties disputed the value of the insurance agency, discussed it more than once, and agreed on the amount included in the stipulation. The stipulation was signed on July 6, 1979. The default hearing occurred on August 23, 1979. Respondent had opportunity for reflection or consultation with her attorney before the hearing. Respondent was present at the default proceeding. On the record before us it is not clear whether respondent was questioned by the judge about the stipulation. During the present proceedings, however, respondent testified that she believed the stipulation was fair and reasonable when she signed it. We infer from respondent's testimony and her presence at the proceeding that she agreed to the stipulation and considered it equitable. Respondent does not claim that the stipulation was improperly reached or improperly incorporated into the decree. Rather, she claims that appellant concealed

assets while negotiating the stipulation. Concealment of relevant information does not require the court to set aside a stipulation. *Angier,* 415 N.W.2d at 56. The stipulation in this case was properly entered.

We conclude that the trial court erred in setting aside the stipulation and vacating the judgment on the ground of fraud upon the court. Despite the fact that resolution of the issue of vacation of the judgment obviates the necessity of addressing the additional issues raised by appellant, we feel compelled to comment upon the failure to grant a continuance and the property valuation process which we believe was seriously flawed.

### Continuance

.  The decision to grant a continuance is within the broad discretion of the trial court. We note a regrettable lack of communication among the participants in this matter. Nevertheless, we do not find that the trial court abused its discretion by denying a continuance on February 8, 1988.

### Valuation of Property

In the absence of availability of documentary evidence from 1979, respondent's expert witness used selective figures from 1980–85 and projected backwards to obtain estimated values for 1979 of $100,000 for the insurance agency, and $572,000—627,000 for the entire marital estate. Six percent (6%) interest for eight years was added by the expert, together with $17,000/year for difference of income between the parties since 1979, which latter figure appears duplicative of the former. Of even greater concern, however, is the speculative nature, under the circumstances of this case, of the attempt to determine the 1979 value of a marital estate from records compiled several years later. We believe that the trial court abused its discretion in its valuation of the marital estate.

### Attorney Fees

Finally, respondent seeks an award of attorney fees on appeal. In view of our determination of issues on appeal, we decline to award such fees.

## DECISION

The trial court erred in vacating the property settlement where respondent did not make a showing of fraud upon the court.

The trial court did not abuse its discretion by failing to grant a continuance on February 8, 1988.

The trial court abused its discretion in its valuation of the marital estate.

Respondent's motion for attorney fees on appeal is denied.

REVERSED.